## Snyder v. Tibbals.

| 32 | 447 |
| 103 | 391 |
| 32 | 447 |
| 120 | 408 |
| 121 | 242 |
| 32 | 447 |
| 129 | 580 |
| 32 | 447 |
| 142 | 591 |

1. Sale of personal property: GROWING CROPS.  A sale of growing crops for their market value, to be determined and paid by the vendee when the crops are ready for market, will be regarded as an executory contract and not sufficient to convey the title as against a creditor of the vendor levying execution on the property.

2. —— A sale of personalty will not be regarded as completed so long as any thing remains to be done between the parties; or if the quantity is to be determined by them in order to fix the price.

*Appeal from Poweshiek Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION of replevin to recover the possession of certain growing corn, and two stacks of oats and five of wheat. The property had been seized upon execution against one S. D. Cone by the sheriff, and the action was originally brought against that officer; the creditor, Tibbals, was substituted as defendant. Plaintiff claims the title of the property under a sale by Cone to him. Verdict and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Scott & Hayes* for the appellant.

*Seevers & Cutts* for the appellee.

BECK, J. — The plaintiff claims title to the property under the following instrument, which was duly acknowledged and recorded.

" Article of agreement made and entered into, by and between S. D. Cone, party of the first part, and M. Snyder, party of the second part, witnesseth; that the party of the first part for and in consideration hereinafter mentioned, agrees and does by these presents grant, bargain, sell and convey unto M. Snyder all the crops by him to be raised on the south $\frac{1}{2}$ of the north-west $\frac{1}{4}$ of section 35, township 81, range 13, Iowa, during the year 1870. And the said party of the second part hereby agrees to pay unto the party of the first part for and in consideration as aforesaid, as follows : The party of the second part agrees to pay to the said party of the first part the fair market value of the said crops at the time the same is ready for market, and the party of the first part agrees to deliver

the same at Brooklyn or at Victor, as agreed by the parties, and the amount to be paid is to be raised by indorsement on certain promissory notes which the party of the second part now holds against the party of the first part.

" Witness my hand at Brooklyn, Iowa, the 9th of April, 1870.

"S. D. Cone."

By a special verdict the jury, among other things not necessary to be stated, found, that at the time the property was levied upon, the defendant had actual knowledge of the existence of the instrument. By agreement of the parties the question of the right of plaintiff to recover upon the instrument under the verdict of the jury was reserved for the decision of the court.

I. The court held that the instrument does not, in effect, amount to evidence of a sale of the property in controversy, but of an executory contract for the sale thereof and, therefore, the title of the property was not conveyed by it to the plaintiff. It was also held by the court, that as the writing purports to convey a crop not planted or grown, property not *in esse*, it is, if a sale was intended, for that reason inoperative as a conveyance. The last-mentioned point ruled we find it unnecessary to pass upon.

It is a familiar doctrine that until a sale is completed the title of the property does not pass to the vendee, and that while any thing remains to be done between the buyer and seller in relation to the thing sold, or, if the quantity is to be determined in order to fix the price, unless it is to be done by the vendee alone, the sale is not completed. *McChung* v. *Kelly*, 21 Iowa, 509; *Cook* v. *Logan*, 7 id. 142.

In this case the quantity and price of the property sold were not, and under the agreement could not, have been determined until the maturity of the corn, and the delivery of all the crop. The price was dependent on the quantity,

and each was left undetermined by the parties, to be settled when the property mentioned in the contract should be delivered. There was then no completed sale, and the title of the property did not vest, by operation of the agreement, in the vendee. If the contract had fixed the price of the property, and left the determination of the quantity to the buyer, the case would not have been within the foregoing rule. As it stands, we are clearly of the opinion that the instrument did not pass the title of the property to the plaintiff. Neither does it clearly appear that such was the intention of the parties. While words of conveyance are used in the instrument, other words are found which quite as clearly indicate that the parties intended the contract to be executory. The decision of the circuit court upon this point, in our opinion, was correct.

II. It appears from the record, that the court signed and filed two *decisions* announcing his conclusions as to the law. These are substantially the same, except that in the last the amount for which judgment is ordered is less than in the first. It does not appear upon which of them the judgment was rendered. It is also shown that, prior to either of these decisions, the court rendered a brief decision simply announcing that he found for defendant. The fact of different findings is made the ground of objection in this court. The record does not show the occasion and reasons that produced them; whether they were made upon motion or agreement of the parties; nor is any prejudice pointed out which has or will result to plaintiff therefrom. Neither does it appear that exceptions were taken thereto in the court below or any effort made by plaintiff to correct the error, if any there be, on account of the matters complained of. Under these circumstances the objections urged cannot be considered in this court.

It is our opinion that the judgment of the circuit court ought to be                                      Affirmed.

COLE, J., non-concurring.