## HESSER & HALE v. WILSON.

1. **Sale of personal property:** SUBSEQUENT PURCHASER: NOTICE. A sale of personal property is of no validity against a subsequent purchaser or incumbrancer without notice, where the possession is retained by the vendor.

2. —— A manufactured a buggy for and on the order of B, furnishing the material therefor, except the top, which was furnished by B. B had paid A the price agreed on. Under these circumstances, and while the buggy was yet in the possession of A, he executed a mortgage thereon to a creditor without notice of B's rights. *Held,* that the rights of the mortgagee were unaffected thereby.

3. —— Bare knowledge on the part of the creditor, that the buggy was being manufactured for B, would not be sufficient to charge him with notice of his rights.

*Appeal from Lee District Court.*

FRIDAY, JANUARY 25.

THIS is an action of replevin brought by plaintiffs to recover the possession of a buggy, the title to and possession of which they claimed by virtue of a chattel mortgage executed by one John Hoerner, covering this and other property then in possession of said Hoerner.

The issue on which the cause was tried is raised by the answer, which alleges in substance, that defendant engaged said Hoerner to manufacture for him a single-seated buggy. Defendant was to furnish leather and lining for top, top props,

bow leather, lock and butts for seat, and to pay for having top put on by a person to be employed by defendant outside of Hoerner's shop. Hoerner was to furnish all the other materials, and to build the buggy in a workman-like manner for $175; $125 of which was to be paid in goods from defendant's store, as the work on the buggy progressed, and if Hoerner's hands wished goods the entire price of the buggy might be thus paid in goods. It is alleged that under this agreement the work on the buggy was commenced, and the same and the materials used submitted to the inspection and approval of defendant, as the work progressed; that under the agreement the buggy was fully paid for in goods before it was finished and before the date of plaintiffs' mortgage.

The cause was tried to a jury, who rendered a verdict for defendant, which the court refused to set aside on plaintiffs' motion, but rendered judgment thereon, from which plaintiffs appeal.

The further necessary facts appear in the opinion.

*John Van Valkenburg* and *Gillmore & Anderson* for the appellants.

*J. M. Casey* and *McCrary, Miller & McCrary* for the appellee.

MILLER, J.—The evidence shows that John Hoerner was a manufacturer of carriages and buggies in the city of Fort Madison, Iowa; that he became largely indebted to the plaintiffs, who are hardware merchants in the same place, for hardware and other materials sold and delivered by them to said Hoerner, and used by him in his business; that to secure the payment of this indebtedness, Hoerner, on the 9th day of September, 1871, executed to plaintiffs a chattel mortgage on a large amount of materials, tools, etc., in the shops of said Hoerner, and also upon a number of carriages and buggies then in the shop, the buggy in controversy being one of those

described and included in the mortgage; that the mortgage was duly recorded on the 11th day of September, 1871.

The evidence also shows that the defendant, prior to the making of the chattel mortgage, had contracted with Hoerner to manufacture for him a single-seated buggy of specified quality and materials, except the top, which defendant was to have built at another shop, and furnish the materials himself; that Hoerner was to furnish the materials, subject to the inspection and approval of defendant, for the buggy except for the top; that the contract price for the work and materials on the buggy, which Hoerner was to furnish and perform in his shop, was $175, which was paid in goods from defendant's store prior to the execution of the chattel mortgage and before the buggy was finished or delivered to defendant; that the buggy was in the shop of Hoerner in process of manufacture, not quite finished when the mortgage was executed; that plaintiffs had no knowledge or notice of defendant having paid any thing on the buggy contracted for. There is evidence tending to show that plaintiffs had knowledge that the buggy was being manufactured for the defendant as other buggies were being manufactured for other parties. After the execution of the mortgage Hoerner absconded, and the plaintiffs in a few days thereafter took possession of the mortgaged property, including that in dispute, under the mortgage. While the property was thus in plaintiffs' possession defendant went to get the buggy and was told by plaintiffs that they held it under a chattel mortgage, whereupon he went away, but soon after returned in the absence of plaintiffs and took and removed the buggy. These are substantially the material facts as shown by the evidence.

Appellants moved to set aside the verdict, and for a new trial on the following among other grounds:

1. That the verdict is not supported by sufficient evidence.

\*　　\*　　\*　　\*　　\*　　\*　　\*

3. That the verdict is contrary to law.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The verdict is clearly unsupported by the evidence. There is no claim or pretense that the buggy had ever been delivered or came to the possession of the defendant when the plaintiffs took and recorded their chattel mortgage, nor had the plaintiffs any knowledge or notice that the defendant had paid any sum whatever on the buggy to Hoerner, or that defendant had any right to the possession, or property in the buggy. It is not even alleged in the answer that the buggy had ever been delivered by Hoerner to defendant, or that plaintiffs had notice of defendant's rights in the property. However it would have been between the defendant and Hoerner upon full payment for the manufactured article, the sale, without delivery, passed no title as against the plaintiffs without notice, Hoerner retaining the actual possession. Revision, § 2201; 1 Pars. on Cont., § 5, and cases cited in notes; *Snyder* v. *Tibballs*, 32 Iowa, 447, and cases cited.

The plaintiffs acquired the legal title and right of possession under their mortgage, without notice that defendant had a claim on the property.

It is argued by appellee that plaintiffs had notice that the buggy was being manufactured for defendant, and it became his duty to inquire into all the facts connected with the sale. We think otherwise; knowledge that the buggy was being built for a customer would only imply that when it was finished, delivered and accepted by the customer, it would then be paid for, because this is what the law would presume. Plaintiffs had a right to rest on this presumption, and were not required to presume that the property had been paid for before it was fully manufactured — before delivery — before the sale was completed.

Again, the facts alleged in the answer at most show a sale of the buggy by parol, the vendor retaining actual possession, and fails to allege notice to the plaintiffs, thereby failing to set up a defense in the answer to the petition, which predicates plaintiffs' title on a mortgage of the same property, subsequent to the contract of sale thereof between defendant and Hoerner. The prior sale was void as to the plaintiffs who

were subsequent purchasers, unless notice be averred and proved. Revision, § 2201.

The court gave the following among other instructions:

" 5. If you find Hesser & Hale took the title to said property by the mortgage, and they did, unless some one else than Hoerner held the title at the time of the execution of the mortgage, then you must find for plaintiffs, unless you find that Wilson had interests and equities in and to the property, entitling him to the possession thereof, *and Hesser & Hale had notice thereof.*"

In finding for defendant the jury disregarded this instruction. There being no evidence that Hesser & Hale had notice of an interest in the defendant entitling him to the possession of the buggy the finding was contrary to law.

The court therefore erred in overruling the plaintiffs' motion for a new trial, and its judgment is

Reversed.