Boothby & Co. v Brown.

# BOOTHBY & CO. v. BROWN.

1. **Sale of Personal Property**: CHANGE OF POSSESSION: RECORD. In an action to recover personal property claimed under an alleged sale. it was proper to instruct the jury that if there was no change of possession of the property, and no record of the sale, it was invalid against existing creditors without notice.

2. ———: NOTICE: LEVY. The sale of personal property without notice to creditors of the vendor will not defeat the levy of an attachment.

3. ———: WHEN IN POSSESSION OF THE VENDOR. It was not error to instruct the jury that, if the property remained in a building exclusively occupied and controlled by the vendors, there was no change of possession.

4. ———: ———: CHANGE OF POSSESSION. The absence of acts of possession or ownership by the vendor, under such circumstances, is not conclusive of a change of ownership. That fact must appear by affirmative proof.

5. **Evidence**: STATEMENT OF FACT IN A QUESTION. A question is proper which states a fact for the purpose of calling the attention of a witness to the subject of his testimony.

6. ———: POSSESSION OF PROPERTY. Possession is a fact which may be established by proof. It is competent to ask a witness who was in possession of property which is the subject of controversy.

*Appeal from Blackhawk District Court.*

TUESDAY, DECEMBER 15.

ACTION of replevin to recover the possession of certain personal property under a claim of ownership by plaintiffs. Defendant, being a sheriff, had seized the property on an attachment against Nicholson & McCrea, and alleges in his answer that it was their property and subject to seizure theron.

There was a verdict and judgment for defendant; plaintiff appeals. Other facts in the case are stated in the opinion.

*Miller & Preston,* for appellants.

*H. C. Hemenway* and *J. B. Powers,* for appellee.

BECK, J.—I.   Plaintiffs proved the purchase of the property by them from a party who held title by purchase from the execution defendants.   These transfers were not evidenced by written instruments duly acknowledged and recorded.   The plaintiffs introduced evidence tending to establish a delivery of the property to plaintiffs, and that it had passed into their actual possession.

The court instructed the jury in the language of Revision, Section 2201, Code, Section 1923, which is to the effect that

1. SALE of personal property: change of possession: record.

no sale of property, where the vendor retains actual possession, is valid against existing creditors without notice, unless the transaction is witnessed by a written instrument duly acknowledged and filed for record.

The jury were also directed that if " there was no change of the possession of the property" upon the sale by the defendants in attachment, but it still remained in their actual possession, " and the defendant had no notice of such sale previous to the levy," and the transfer by the execution defendants was not acknowledged and recorded, the defendant was entitled to recover.   Plaintiffs insist this instruction is erroneous.   It is in the first place claimed that the expression above quoted, " if there was no change in the possession of the property," was calculated to mislead the jury, as they would understand that it was necessary that the property should have been removed to protect plaintiffs' rights.   But the jury could have had no such understanding, taking the whole instruction together, as they are in plain language informed that the sale would be defeated by the property remaining in the actual possession of the attachment defendants.   They could not have understood that a removal was necessary to transfer the possession.

II.   The instruction is next objected to on the ground that if defendant had notice, after levy and before sale on execu-

2. ——: notice: levy.

tion, of the transfer of the property, this would defeat his right to hold the property or transfer title by its sale.   The language of the statute above referred to as having been copied in the charge to the jury is explicit

that a sale, unless evidenced in the manner directed, is not "valid against existing creditors without notice," where the actual possession remains in the debtor. The right of the creditor attaches upon the levy of the attachment. It is plain that the sale without notice thereof cannot .defeat the levy, otherwise the sale would be valid against the creditor without notice. *Allison v. Barrett*, 16 Iowa, 278, and *Thomas v. Hillhouse*, 17 Iowa, 67, cited by plaintiffs' counsel to support their position, are not in point. In those cases the vendors did not retain actual possession of the property.

III. The court directed the jury in effect that, if the property continued in the same building where it had been kept before the sale, and there was no change in the occupancy or possession of the building which contained the property of the defendants in the attachment and was in their actual possession, in that case there was no change in the possession of the property, and it should be considered as remaining in the actual possession of the attachment defendants. The instruction is certainly correct. We do not see how the attachment defendants could be regarded as having parted with the actual possession of the property if it remained in their custody as indicated by the instruction, in a building exclusively occupied by them. They would be regarded as holding the actual possession of the property. Any possession claimed by another could be nothing more than constructive. The facts contemplated by the instruction are such as show there was no change of possession after the alleged sale.

IV. The law contemplates that there shall be a change of possession—something to indicate the fact of the purchase, the change of ownership of the property by the claimant. If, therefore, the property be left with the seller, whose relations to it continued unchanged so far as the world may know by the acts of the parties, the possession will be regarded as continuing in him. The absence of acts of control or ownership, on the part of the seller, will not be evidence that the actual possession was transferred to the pur-

chaser. Instructions asked by plaintiff which are in conflict with this view were properly refused by the court.

V. Evidence was introduced against plaintiffs' objection, which tended to show fraud in the sales of the property. It is now insisted that the evidence was not relevant, and was therefore erroneously admitted. But the error, if any there be, was cured by the court instructing the jury that the question of fraud was not before them.

VI. It is insisted that a question asked of a witness assumes a fact; this may be so, but the fact was stated for no other purpose than to call the witness' attention to the subject of his testimony. There was neither error nor prejudice to plaintiffs resulting from this course of examination.

*5. EVIDENCE: statement of fact in a question.*

VII. A witness was permitted to state that the defendants in attachment were in the possession of the building in which the property was found. The evidence is claimed to be incompetent, because it states a conclusion of law. The objection is not well founded. Possession may be proved as any other fact. It was certainly competent for the witness to state who occupied the building and exercised control over it. Acts of this character constitute possession, as the word is understood in its ordinary use when applied to real property. The witness, in stating that the building was in the possession of the attachment defendants, was understood to testify that it was occupied and controlled by them.

*6. ——: possession of property.*

The foregoing discussion disposes of all the questions raised in the arguments of counsel. We find no error in the case.

AFFIRMED.