HICKOK v. BUELL ET AL.

1. **Vendor and Vendee:** SALE OF PERSONAL PROPERTY: POSSESSION. The sale of personal property without a transfer of possession is void, as to creditors without notice, where no written instrument evidencing the same is executed and recorded. The absence of acts of control or ownership is not evidence that actual possession is transferred to the purchaser.

*Appeal from Des Moines Circuit Court.*

TUESDAY, OCTOBER 7.

THIS is an action of replevin. The petition is in the usual form, and plaintiff avers therein that she is the absolute owner of a certain sewing machine; that she acquired such ownership by purchase from one M. Backer, and that the detention thereof by defendants, "according to the best belief of the plaintiff, is that whereas M. Backer purchased the property first of an agent, and agreed to sell the same to plaintiff, and she was to pay him for the same, and he was to pay the agent; that he offered to pay according to contract, which was refused, and an execution issued for said property."

The answer and an amendment thereto deny that the plaintiff is the owner of the machine or has any right to the possession thereof; aver that the defendant Buell is a constable, and as such levied upon said machine under and by virtue of an execution against one M. Backer, of whom plaintiff claims to have purchased said machine; that said execution was issued on a judgment obtained by one Shroeder against said Backer for the purchase price of said machine; that said machine was the property of said Backer, and was, at the time of the levy and seizure under said execution, in the dwelling-house of said Backer, and in his possession and under his control. It is further averred that the defendant Snyder never had any possession of said machine, and that

he never claimed any right either to said property or the possession of the same; that no written notice of plaintiff's ownership of the property in question was served upon the defendants, or either of them, prior to the commencement of the action.

The cause was originally tried before a justice of the peace and a judgment rendered for the defendants. The plaintiff appealed, and upon a trial to the circuit court, a jury having been waived, a judgment was rendered against the defendant Snyder for forty-eight dollars and costs, and for the defendant Buell for costs. The defendants appeal.

*T. B. Snyder* and *T. J. Trulock*, for appellants.

*J. & S. K. Tracy*, for appellee.

ROTHROCK, J.—I. No judgment was actually rendered against the defendant Buell, and he has no cause to complain of any ruling of the circuit court. The amount in controversy, as shown by the pleadings, was less than one hundred dollars, and the court below certified that the cause involves the determination of the following questions of law, upon which it is desirable to have the opinion of this court:

1. vendor and vendee: sale of personal property: possession.

1. Under the pleadings and evidence in this cause can plaintiff maintain this action, and recover the property in controversy, no written instrument, conveying the same to her, ever having been executed, acknowledged, like conveyances of real estate, and filed for record with the recorder of the county in which the execution defendant resides; and no written notice of ownership of said property ever having been served by plaintiff, either upon the officer who levied upon and took said property under a valid execution, or upon his co-defendant?

2. Under the pleadings and evidence in this cause is defendant T. B. Snyder liable to plaintiff, J. M. Hickok, in this action?

The plaintiff avers in her petition that Mr. Backer purchased the property first of an agent, and agreed to sell the same to the plaintiff. The evidence, as we understand it, supports this averment of the petition. It is true the plaintiff testifies that the sale from the agent to Backer, and from Backer to her, were all one transaction; but at the same time she testifies that she bought the machine of Backer, and he bought it of Franks, the agent. That Backer purchased of Franks is not disputed. He gave his note for the purchase price, and took the machine into his possession by placing it in his dwelling-house. The plaintiff was a servant or housekeeper in the family of Backer, working for wages, his wife having died some years before the transaction in question. The machine was taken into the dwelling-house of Backer as his property, and it remained there in the same room until the officer took it away by virtue of the execution. That there was any transfer of the actual possession from Backer to the plaintiff is not claimed. The sale, therefore, from Backer to the plaintiff was void as to creditors without notice, no written agreement conveying the same having been executed, acknowledged, and filed for record, as provided by section 1923 of the Code.

In *Boothby & Co. v. Brown*, 40 Iowa, 104, it is said: "The law contemplates that there shall be a change of possession; something to indicate the fact of the purchase—the change of ownership of the property by the claimant. If, therefore, the property be left with the seller, whose relations to it continue unchanged, so far as the world may know by the acts of the parties the possession will be regarded as continuing in him. The absence of acts of control or ownership, on the part of the seller, will not be evidence that the actual possession was transferred to the purchaser." See, also, *Hesser & Hale v. Wilson*, 36 Iowa, 152, and *Sutton v. Ballou*, 46 Id., 517.

The defendant Buell, as constable, levied upon the property by virtue of an execution upon a valid judgment against

Backer. The defendant Snyder, as the attorney or agent of the execution plaintiff, pointed out the property to the constable, and we are of the opinion that under the pleadings and evidence no recovery can be had against either of the defendants, because the alleged sale was invalid as against creditors without notice.

II. Counsel for appellee make the point that the certificate of the judge, authorizing the appeal, was not made at the time of the trial. It appears from the record that the motion to vacate the judgment, and for a new trial, was overruled on the 2d day of January, 1879, and the certificate was made on the same day. It could not have been properly made until the cause was finally disposed of by a ruling on the motion.

REVERSED.