## NUCKOLLS v. PENCE.

1. **Sale:** CHANGE OF POSSESSION: NOTICE. Where standing corn was levied upon under an execution against the owner of the land, who raised the corn, it was held that the levy was good as against a prior purchaser, there having been no visible change of possession under the sale, and no written instrument of sale recorded, and the officer making the levy not having actual notice thereof.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 10.

ACTION of replevin for seventy acres of corn in the field, upon which defendant as a constable levied an execution, issued upon a judgment against one Moorehouse. Plaintiff claims

the corn as his property. There was a trial to the court without a jury, and a judgment for defendant; plaintiff appeals.

*J. C. Davis*, for appellant.

No appearance for appellee.

Beck, Ch. J.    The corn involved in this suit was raised by Moorehouse upon his own farm, as we understand the abstract.

1. SALE:
change of
possession:
notice.

He sold it to plaintiff in July. Prior to the levy plaintiff had cut up some of the corn and fed it to his stock. He made his home with Moorehouse, and kept his stock on the farm. He testifies that he had paid for the corn before the levy. There was no visible change in the possession of the corn after the purchase, and defendant and the plaintiff in execution had no notice of the sale.

Code, section 1923, provides as follows: "No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed and acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

The court below held that the sale of the corn was not good against the plaintiff in execution, a creditor of Moorehouse. We think the ruling is correct. The statute contemplates that there shall be something to indicate the change of ownership—a change in the possession, which will give notice of the sale or put creditors or subsequent purchasers upon inquiry. *Boothby v. Brown*, 40 Iowa, 104; *Hickok v. Buell et al.*, 51 Iowa, 655. In the case at bar there was no change in the possession; it remained in Moorehouse's field subject to his control, as it had been before the sale. The feeding of a part of it by plaintiff did not affect the actual possession of what remained, which was still in Moorehouse.

Counsel for appellant insists that plaintiff could not have taken possession more fully and effectually than he did. If this be so, it does not help his case. If the property was

incapable of a change of possession so as to impart notice of the sale—if Moorehouse's actual possession of the land carried the possession of the corn, it was incumbent upon plaintiff to protect his purchase by a written instrument, acknowledged and recorded as the statute above cited requires, for the protection of creditors and subsequent purchasers. The judgment of the District Court is

AFFIRMED.