Kessey v. McHenry & Allison.

---

## KESSEY v. McHENRY & ALLISON.

1. **Judicial Sale:** PRIOR LIEN: NOTICE. A judgment creditor who levies on personal property, and afterwards, before the sale, has notice of a prior unrecorded mortgage on the property, purchases at the sale subject to such mortgage.

*Appeal from Winneshiek Circuit Court.*

MONDAY, JUNE 21.

ACTION to recover the "immediate possession of nine acres, more or less  *  *  *  of wheat cut and now standing

in shock on said premises." The plaintiff claimed to be entitled to the possession of the wheat under and by virtue of a chattel mortgage, and the defendant claimed the property under a purchase at an execution sale. There was a trial by the court on a stipulation as to the facts, and judgment for the plaintiff. The defendant appeals.

*Brown & Wellington*, for appellant.

*Cooley, Fannon & Akers*, for appellee.

SEEVERS, J.—I. As the amount in controversy as shown by the pleadings did not exceed one hundred dollars, the trial judge, in accordance with the statute and rule of this court, has certified the questions upon which it is desirable to have the opinion of the Supreme Court. They are:

" 1st. Can unripe and growing crops be levied upon under execution, and sold while they are yet unripe and growing?

" 2d. Under the circumstances of this case, and per stipulated facts, is the levy made by defendants, May 19, 1879, and the sale thereunder, June 21, 1879, of an unripe and growing crop of wheat, which was sown on or about the 25th day of April, 1879, and which was not ripe and fit for harvest until July 30, 1879, valid as against the lien of plaintiff's mortgage?

" 3d. In order to give constructive notice of a chattel mortgage, is the indexing of the same by the recorder necessary?

" 4th. When a mortgage on growing crops is only recorded and not indexed, and a creditor (whose debt was in existence prior and subsequent to the execution of the mortgage), levies an execution on said crops and has no actual notice of said mortgage at time of levy, but before sale under execution is notified of such mortgage, and the said mortgage is duly indexed, will the lien of the mortgage be prior to the lien of the creditor under the execution levy.

" 5th. Under the evidence contained in the stipulations, is the plaintiff entitled to a judgment?"

Counsel have discussed the question. whether the mortgage under which the plaintiff claims is valid, for the reason the wheat was not sown at the time it was executed. The appellee, however, insists that no such question has been certified, and it cannot, therefore, be determined. This, we think, is correct. The rule requires the. trial judge to certify the question of law upon which it is desirable to have the opinion of this court. The fifth question certified may embrace many questions. Under it any and all questions of' law, might with equal propriety be insisted on, provided their solution would establish the fact that the plaintiff was or was not entitled to judgment.

II. In the view we take of the case, it is unnecessary to 1. JUDICIAL determine the first, second or third questions certified, and the fourth must be answered in the affirmative.

SALE: prior lien: notice.

In *Seevers v. Delashmutt*, 11 Iowa, 174, it was held that a judgment creditor is not a purchaser, and a judgment lien could not prevail over a prior unrecorded mortgage, and it was said in substance, that if the judgment creditor has notice of such mortgage before he purchases at sheriff's sale, he is not a *bona fide* purchaser.

In *Cummins v. Tovey*, 39 Iowa, 195, it was held that to enable a purchaser to hold property discharged of a prior lien, he must have paid the purchase money before notice of such lien. It is said this case has been overruled by *Boothby v. Brown*, 40 Iowa, 104, and *Hickok v. Buell*, 51 Iowa, 655; but this is a mistake.

There is no escape from the conclusion that the cases above cited are, in principle, identical with the legal proposition presented in the fourth question certified.

AFFIRMED.