## BACON & CO. v. THOMPSON ET AL.

1. **Chattel Mortgage:** ATTACHMENT: PRIORITY OF LIEN: STATUTE CONSTRUED. In section 1923 of the Code, the words "without notice" apply to "existing creditors" as well as to "subsequent purchasers;" and it follows that attachments levied upon personal property after the execution but before the filing for record of a mortgage upon the same property, by creditors who have no actual notice of the mortgage, create a valid lien, superior to the mortgage.  Following *Boothby v. Brown*, 40 Iowa, 104, and *Hickok v. Buell*, 51 Iowa, 655; and overruling *Kessey v. McHenry*, 54 Iowa, 187.

2. **Notice:** POSSESSION: ATTACHMENT.  When personal property is attached in the hands of one not the attachment defendant, the attaching creditor is charged with notice of the rights of the person in possession, and he acquires through this attachment no higher or better right to the property than the defendant has when the attachment is made.

*Appeal from Sioux District Court.*

WEDNESDAY, DECEMBER 13.

THIS is a contest between the plaintiffs as mortgagees, and the defendants as attaching creditors, of certain personal property, for priority of lien.  The court found in favor of plaintiffs.  The defendants appeal.  The facts are stated in the opinion.

*G. W. Pitts* and *H. C. Hemmenway*, for appellants.

*D. A. W. Perkins*, for appellee.

DAY, J.—I.  The plaintiffs claim a lien, upon the property in question, under a chattel mortgage executed by Teabout & Valleau, on the 28th day of April, 1881, and filed for record on the 3d day of May, 1881.  This action is brought against Teabout & Valleau to recover the amount secured and foreclose the mortgage.  The defendants, N. C. Thompson, Warder, Mitchell & Co., and Warder, Bushnell & Glassner, each claim a lien upon the mortgaged property, in virtue of attachments levied thereon on the 30th day of April, 1881, without any notice of the existence of the mortgage.

*CATTEL mortgage: attachment: priority of liens: statute construed.*

The attachments, it will be seen from the above statement, were levied after the mortgage was executed, and before it was filed for record.   The case involves a construction of section 1923 of the Code, 2201 of the Revision, 1193 of the Code of 1851.   This section is as follows:   " No sale or mortgage of personal property, when the vendor or mortgagor retains actual possession thereof, is valid against existing creditors, or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like real estate, and filed for record with the recorder of the county where the holder of the property resides."   The decisions of this court upon the question now involved cannot all be harmonized.

In *Miller v. Bryan,* 3 Iowa, 58; *Crawford v. Burton,* 6 Id., 476; *McGavran v. Haupt,* 9 Iowa, 83; and *Allen v. McCalla,* 25 Id., 464, it was held that the words *without notice* apply to existing creditors, as well as to subsequent purchasers, and that an unrecorded chattel mortgage would be valid against existing creditors with actual notice of execution of the mortgage.   None of these cases, however, presented the question of the levy of an attachment or execution by an existing creditor, without notice of the execution of the mortgage.   In *Allen v. McCalla,* on page 482–3, it is said: " Two issues of fact were made between the parties, and tried to the jury, one, whether the mortgage to the plaintiff was

properly filed for record before the levy of attachment, and the other, whether the attaching plaintiffs had notice of the existence of the mortgage, prior to the levy of the attachment." In *McGavran v. Haupt*, the court say: "The question for our decision is, whether a mortgage of personal property, executed and acknowledged, but not recorded, where the mortgagor retains possession, is valid against existing creditors, with notice of the mortgage at the time of its execution." The same question was involved in *Crawford v. Burton*, and in *Miller v. Bryan*. In *Cummins v. Tovy*, 39 Iowa, 195, no reference was made, either in the argument of counsel, or in the opinion, to section 1923 of the Code. Whatever, therefore, may be thought of the correctness of the opinion, it cannot be regarded as placing a construction upon section 1923 of the Code. In *Boothby v. Brown*, 40 Iowa, 104, the exact question involved in this case was presented. In that case the court instructed the jury, "that if there was no change of the possession of the property upon the sale by the defendants in the attachment, but it still remained in their possession, and the defendant had no notice of such sale previous to the levy, and the transfer by the execution defendants was not acknowledged and recorded, the defendant was entitled to recover." This instruction was approved. The court say: "The right of the creditor attaches upon the levy of attachment. It is plain, that the sale without notice thereof, cannot defeat the levy, otherwise the sale would be valid against the creditors, without notice." The case of *Hickok v. Buell*, 51 Iowa, 655, involves the same question, and it cites and follows *Boothby v. Brown*, *supra*. In *Kessey v. McHenry*, 54 Iowa, 187, the following question, certified from the court below, was answered in the affirmative. "When a mortgage on growing crops is only recorded and not indexed, and a creditor, whose debt was in existence prior and subsequent to the execution of the mortgage, levies an execution on said crops, and has no actual notice of said mortgage at the time of levy, but before sale

under execution is notified of such mortgage, and the said mortgage is duly indexed, will the lien of the mortgage be prior to the lien of the creditors, under the execution levy?" This decision is in conflict with the preceding cases of *Boothby v. Brown* and *Hickok v. Buell.*

The statute, it is to be observed, provides that no sale or mortgage, where the vendor or mortgagor retains actual possession of the property, and which is not evidenced by a written instrument executed, acknowledged, and recorded as provided, shall be valid against existing creditors or subsequent purchasers without notice. Now, if a creditor having made a levy without notice, but who receives notice before the sale, cannot be protected, it follows that a sale or mortgage not evidenced by a recorded instrument, is valid against all persons except subsequent purchasers without notice. It is evident, however, that such a construction gives effect to only a portion of the statute, and ignores that portion of it which declares the invalidity of the sale or mortgage as against an existing creditor without notice. It follows, that the correct doctrine is announced in *Boothby v. Brown* and in *Hickok v. Buell, supra,* and that the decisions inconsistent with them must be overruled.

II. The mortgaged property is described as "a warehouse, all corn-cribs near said warehouse, near said side-track, owned

2. NOTICE: possession: attachment:

by Teabout & Valleau, together with all and singular appurtenances belonging or in anywise appertaining." In the statement of facts, upon which the case was submitted to the court below, it is agreed that the mortgaged property is personal property. It is further agreed that Teabout & Valleau did not reside at Pattersonville, where the property was situated, and that one James H. Valleau who for a long time prior to the levy of the attachments had been the general agent of Teabout & Valleau, was, at the time of the levy of attachment, in possession of a written lease of the warehouse and scales, executed by Teabout & Valleau, about the 6th day of April, 1881, and that neither the sheriff,

the agents of the defendants, nor the defendants, had any knowledge of the lease until after the levy; that Teabout & Valleau, for a long time prior to said levy, had carried on a business at Pattersonville, using the property described in the chattel mortgage in said business, and being by their said agent in the possession thereof, and that after the date of said lease, there was no apparent change made in the character of the possession of said property, but that ostensibly the said J. H. Valleau retained the possession and use of the warehouse, as he theretofore had done, except that on or about the date of said lease he no longer bought and shipped in the name of Teabout & Valleau. The warehouse and scales being in the possession of James H. Valleau under a written lease, the mortgagors did not "retain the actual possession" thereof, and as to them the case does not fall under the provisions of section 1923 of the Code, but under another principle of law, that an attaching creditor acquires through his attachment no higher or better rights to the property attached than the defendant had when the attachment took place. See *Thomas v. Hillhouse*, 17 Iowa, 67.

III. The scales are not specifically described in the mortgage, and they are not embraced therein, unless they come under the designation of "appurtenances belonging or in anywise appertaining." It is claimed that the scales are stock scales, and that as such they are not appurtenant or appertaining to a warehouse. There is nothing in the case, however, to show that the scales are stock scales, except that they were attached as such. The agreed statement does not show that the scales are, in fact, stock scales. It follows that, as to the warehouse and scales, the lien of the mortgage has precedence over the lien of the attachments, but that as to the other property the liens of the attachments are entitled to priority.

REVERSED.