J. B. WESSELS, JR., Appellee, v. JAMES McCANN, Sheriff, Appellant.

Sales of Personal Property: CHANGE OF POSSESSION: EVIDENCE. After the sale of a cornsheller to the plaintiff, it remained for some months in a shed belonging to the plaintiff, about two miles from his home, where it had been kept, when not in use, by the plaintiff's vendor. The latter, with the consent of the plaintiff, afterwards removed the sheller a short distance away, used it, and then returned it to the shed, where it remained until, the owner of the lot upon which the shed was located desiring to have the shed removed, the vendor's hired man, without the knowledge of the vendor, removed it to the latter's home, where it remained until taken by the defendant under an execution against the vendor. The vendee having brought this action against the officer to recover possession of the sheller, *held*, that the question whether there had been a change in the possession of the property after the sale should have been submitted to the jury, and that the court erred in directing a verdict for the plaintiff.

*Appeal from Dubuque District Court.*—HON. D. J. LINEHAN, Judge.

SATURDAY, MAY 21, 1892.

ACTION for the recovery of specific personal property. From a judgment for the plaintiff, the defendant appeals.—*Reversed.*

*John D. Alsop*, for appellant.

No appearance for appellee.

GRANGER, J.—The property in controversy is a cornsheller. One Kirchoff is a judgment debtor to J. Thompson & Sons. The defendant, as sheriff, by virtue of an execution levied upon the cornsheller as the property of Kirchoff. The plaintiff claims that he purchased the sheller from Kirchoff before the seizure by the defendant, and that he still owns the same. The answer denies the ownership by the plaintiff; avers that the "pretended purchase" was for the purpose of aiding Kirchoff to defraud his creditors, J. Thompson & Sons; that there was no delivery of the sheller to the plaintiff; and that no written instrument conveying the same was recorded, "as provided by law." At the close of the testimony the court, on its own motion, directed a verdict for the plaintiff. Of this action by the court complaint is made.

The transaction between Kirchoff and the plaintiff occurred on the twenty-fourth of January, 1889. A bill of sale of the sheller was at the time executed, and, without being "acknowledged, like conveyances of real estate," was filed for record and recorded in Delaware county. The plaintiff resides in Delaware county, and Kirchoff in Dubuque county. If the sheller remained in the possession of Kirchoff, the record of the bill of sale would not impart notice so as to protect the plaintiff, for it was not acknowledged as required by law; nor was it recorded in Dubuque county, where the holder of the property resided. See Code, section 1923.

If, then, the state of the evidence is such that the jury should have been permitted to determine the question of the actual possession, the court erred in taking the case from the jury. Some undisputed facts will aid us to a proper conclusion. Kirchoff's home is in Dyersville, and that of the plaintiff about two miles from there. The plaintiff had, on a lot owned by one Potts, in Dyersville, a shed. Kirchoff bought the

sheller in 1888. It is a heavy, cumbersome machine. Kirchoff used it during the fall of 1888, and, when through, he placed it in the shed of the plaintiff, in which place it was when the sale took place, in January, 1889. It is not questioned but that the sheller was in Kirchoff's possession until the sale. After the sale it remained in the shed, without any visible change of ownership or possession. In the spring of 1889, Kirchoff, by consent of the plaintiff, took the sheller from the shed, and moved it a short distance away, where he did some work with it, and then returned it to the shed, where it remained until, Potts wanting the shed removed from his lot, it (the sheller) was taken by Kirchoff's hired man, without direction from Kirchoff, and without any knowledge of a change of ownership, and removed it to Kirchoff's home, where it remained till October, 1889, when it was taken on the execution by the defendant. If the cause is to be retried, we should, of course, forbear any comments as to the value of these facts in reaching a conclusion as to a change of actual possession. Other evidence in the case should likely be considered with them, and might influence a conclusion either for or against such a change. We think, however, that the evidence is not so conclusive in favor of the plaintiff on this point as to warrant the action of the court in directing a verdict in his favor. If the sheller was in the possession of Kirchoff just before the sale, what was there afterwards to indicate a change of the possession to the plaintiff? Such a query is important, as will be seen by reference to *Boothby v. Brown*, 40 Iowa, 104; *Sutton v. Ballou*, 46 Iowa, 517; *Hickok v. Buell*, 51 Iowa, 655; *McAffee v. Busby*, 69 Iowa, 328. The judgment is REVERSED.