DANIEL HARRIS, Appellant, v. J. B. PENCE.

**Levy: Change of Possession.** Purchased cattle were left with vendor. He removed them from a field bought ostensibly for himself, but secretly intended for the vendee of the cattle. There they were seized by creditors of the seller. *Held,* there was no change of possession within Code, 1923, and a good levy.

*Appeal from Marshall District Court.*—HON. N. B. HYATT, Judge.

THURSDAY, JANUARY 24, 1895.

Action for the recovery of specific personal property. Judgment for the defendant, and the plaintiff appealed.—*Affirmed.*

*J. M. Parker* for appellant.

*O. Caswell* for appellee.

Granger, J.—Wilcox is a judgment debtor, and the defendant sheriff, by virtue of an execution, seized twenty head of cattle as belonging to Wilcox. The plaintiff brings this action for the possession of the cattle, alleging that he owns them by purchase from Wilcox before the levy. The purchase is denied, and

alleged to be a pretense and a fraud as to creditors. The court, at the conclusion of plaintiff's evidence, directed a verdict for the defendant on the ground that it appeared from the testimony that there had been no change in the possession of the cattle from that of Wilcox. The complaint in this court is as to this order directing the verdict. We think that there was no error in the holding of the court. It must be kept in mind that the ruling of the court is based, not on the question of a contract of sale, but on such a change of possession as to make the sale valid as against existing creditors. The statute is that, in the absence of a recorded instrument of conveyance, there must be a change of the actual possession. Code, section 1923. In this case there is no question but that the property, when sold, was in the actual possession of Wilcox, and hence we are to inquire if this actual possession was changed within the meaning of the law. The law requires that there must be something more than a change of possession. It must be such a change as will impart notice. *Smith v. Champney,* 50 Iowa, 174; *Nuckolls v. Pence,* 52 Iowa, 581, 3 N. W. Rep. 631. The cattle, when taken on the execution, were in the "stalk field" of one Weatherby, in Marshall county. When purchased by plaintiff they were in Tama county. They were taken, after the purchase, by Wilcox, either in person or by some boys in his employ, and put in the Weatherby field. The stalks in which the cattle were, were purchased by Wilcox from Weatherby for seven dollars and fifty cents, and the testimony of both Wilcox and plaintiff is that they were purchased for plaintiff, and, while that fact may not be clear, we may so treat it for the purpose of the question we are considering. It is without dispute that in making the purchase of Weatherby, Wilcox made it as for himself, and only Wilcox and plaintiff knew that plaintiff owned

the stalks. So far, then, as third persons were concerned, the stalks appeared to belong to Wilcox. Independent of the plaintiff's ownership of the stalks, we do not see a thing to indicate a change of possession. The removal of the cattle from Tama county to the field in Marshall county was by Wilcox, and indicated no notice whatever of a sale. We think, as to the ownership of the stalks, that plaintiff is not aided by the fact that Wilcox may have secretly intended them for him, and that is all that can be claimed. Creditors could see Wilcox putting cattle that still appeared to be his into a field of stalks that he had purchased, ostensibly for himself. That was the situation as to third persons. Wilcox was the only party in interest, either as to the cattle or stalks, that was observable. The case is not in line with *Wessels v. McCann,* 85 Iowa, 424, 52 N. W. Rep. 346. It would be nearer so had the verdict been directed for the plaintiff. It should not be overlooked that the statute under consideration is in the interest of existing creditors, and that the facts as to the change of possession must be such as to give them knowledge of the change, or put them on inquiry. *Deere v. Needles,* 65 Iowa, 101, 21 N. W. Rep. 203. Our conclusion is that the judgment should be *affirmed.*