A. J. AUGUSTINE V. J. E. McDOWELL, Defendant, AND JAS. WINKLEMAN, Intervener, Appellant.

120  401
121  433
6123 376

120  401
126  260

120  401
142  591
142  597

Sale of Standing Corn; TITLE. A written agreement to sell a
1  certain number of bushels of corn to be taken from a standing field does not pass the title, though a portion of the purchase price is paid.

Chattel Mortgage: DESCRIPTION. A mortgage covering "seventy,
2  more or less, of corn in field" is not such a description as may be aided by extrinsic evidence; it is in fact no description.

Sale of Corn: WHEN TITLE PASSES. Where one pays for corn and
3  it is set apart in the crib of the seller with nothing further to be done except for the seller to assist in hauling, the title thereto passes.

Appeal: SUFFICIENCY OF NOTICE. A notice of appeal which states
4  "intervener in the above cause has appealed the same to the

supreme court  *  *  *'' is not open to the objection that it does not specify what is appealed from, even though there were · practically two judgments where exception was taken to both.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, MAY 15, 1903.

ACTION in replevin for corn. James Winkleman intervened, claiming four hundred bushels under a chattel mortgage and by purchase. Defendant answered, denying plaintiff's title. Judgment as prayed, and intervener appeals.—*Reversed.*

*J. F. & W. R. Lacey* and *C. C. Orvis* for appellant.

*Seevers & Malcolm* for appellee.

LADD, J.—In August, 1900, the plaintiff, Augustine, contracted with defendant, McDowell, for the purchase of one thousand bushels of corn. On the first six hundred bushels, $25 was paid, and the following agreement duly signed: "Sold to A. J. Augustine one mile west of Rose Hill, Iowa, six hundred bushels of corn to be delivered in November, 1900, at A. J. Augustine's farm at twenty cents per bushel, 80 lbs. to the bushel." The contract for the four hundred bushels was the same, except that it was to be delivered in December, seventy-five pounds to the bushel, and $30 was paid. McDowell raised about three thousand five hundred bushels of corn, and, after hauling two hundred and eighty-one bushels, refused to deliver the rest. But four hundred and ninety bushels remained on the premises when this suit was begun, and this was replevied by the plaintiff.

It will be noticed that the corn, when bought by Augustine, was standing in the field. None of it then or afterwards was set apart from that to be retained by Mc-

Dowell.    There was nothing to show which corn had
**I. SALE of standing corn: title.** been bargained for.    The contract was not a
sale, but merely an agreement to sell.    The ad-
vance of money to the defendant did not convert it into
an executed contract.    Says Mr. Benjamin in his work on
Sales: ''No case can be found in the books in which the
giving of earnest has been held to pass the property in the
subject-matter of the sale, where the completed bargain,
if proved in writing or in any other sufficient manner,
would not have equally altered the property.''    Two things
remained to be done by the vendor—the corn to be sepa-
rated from three thousand five hundred bushels owned by
him, and thereafter delivered at the farm. · In *Cook v.
Logan*, 7 Iowa, 142, the court, in a very similar case, said:
''The rule is that where some act remains to be done in
relation to the articles which are the subject of the sale,
as that of measuring or weighing, or, as in this case, that
of separating and setting them apart from the bulk, so
that they may be distinguished and identified, the per-
formance of such an act is a prerequisite, and until it is
performed the property does not pass to the vendee.''
This rule has been repeatedly approved since, and still
obtains, unless it is made to appear that the parties in-
tended title sooner to pass. *Welch v. Spies*, 103 Iowa, 389,
and cases cited; *Snyder v. Tibbals*, 32 Iowa, 447; *Sneathen
v. Grubbs*, 88 Pa. 147; *Morrison v. Dingley*, 63 Me. 553.
The principle is elementary, and, when applied to the
facts of this case, leads inevitably to the conclusion that
plaintiff never acquired title to the corn not delivered.
But McDowell has not appealed, and the adjudication
against him is final.

    Plaintiff, then, has a *prima facie* right of possession,
and the burden of proof was upon intervener to establish
his title.    He claims four hundred bushels of the corn re-
**2. CHATTEL mortgage: description.** plevied under a chattel mortgage, and by
virtue of a purchase from McDowell. · This

mortgage was executed to him by McDowell August 17, 1900, to secure him as surety on a note of $110 payable at a bank, on certain horses, and "seventy, more or less, of corn in field on the Chas. F. Landers, farm, in section 7 Twp. 75 N., Range 14, Mahaska County, Iowa." As will be observed, it failed to state the quantity of corn pledged —whether seventy rows, bushels, shocks, or acres. This was not merely a defective description, as suggested by appellant, to be aided by extrinsic evidence, but no description at all. Oral evidence may be received as between the parties, or against a third party having notice, to apply the description in such an instrument, and thereby to identify and point out the particular property mortgaged, as has often been held, but not to insert the property intended to be, but not in fact, covered thereby. The facts of this case do not bring it within the rule of the majority in *Frick v. Fritz*, 115 Iowa, 433. In both the number is given, but in that the mortgage covered "yearlings and two year olds," but in this it covers nothing. In that the majority held oral evidence admissible to point out the kind of stock intended by the description; in this, the kind is indicated, but the mortgage is silent as to quantity. The distinction is manifest, and we unite in saying the mortgage did not constitute an incumbrance or lien on the corn.

The intervener further contends that about January 20, 1901, he entered into an oral agreement with McDowell, by the terms of which intervener was to pay the note to 3. SALE of corn: the bank, and in consideration thereof, was when title passes. to have four hundred bushels of corn; that in pursuance of this agreement he paid the note, and three hundred bushels in a certain crib and the granary were measured by him and McDowell, and declarded to be intervener's corn, which McDowell was to help haul to Winkleman's place. It was farther understood that he was to have one hundred and twenty-five bushels from a pile of

snapped corn.   Enough has already been said to dispose of
the claim to the one hundred and twenty-five bushels.   As
to the three hundred bushels the evidence is undisputed,
nothing remained to be done as between the parties to
complete the sale, and we know of no reason why the in-
tervener should not have judgment for its value.   The
sheriff was informed that the corn belonged to Winkleman
before the writ of replevin was served, so that there is no
question of notice involved.   Indeed, it may well be ques-
tioned whether plaintiff was in a situation to insist on
notice, as he is not claiming as a creditor, and has failed
to establish ownership.   True, as contended, the inter-
vener, as supposed mortgagee, consented to the sale of one
thousand bushels of McDowell's corn to plaintiff.   But
this did not preclude him from buying from the three
thousand five hundred bushels owned by McDowell for
himself.   He bought as he had the perfect right to do, and
acquired title by having it set apart to him before McDowell
had parted with it to another.   The court ought to have
entered judgment in favor of the intervener for the value
of three hundred bushels of the corn taken under the writ.

II.   Appellant's abstract set out the notice of appeal,
which was duly served, and, after the title of the case, was
in these words:   "The intervener in the above cause has
appealed the same to the Supreme Court of
Iowa, May term, 1902."   Appellee prepared
an additional abstract, without referring to this notice,
and thereafter filed a motion to dismiss the appeal.   In it
the notice, as served, is set out, and, though more formal,
is substantially the same.   It may be repeated, except the
title and names of attorneys, in so far as material:   "You
are hereby notified that intervener in the above cause has
appealed the same to the Supreme Court of the state of
Iowa, and the same will come on for trial at the May
term," etc.   Counsel insist that this was insufficient, in
that it failed to designate what is appealed from.   Secti n

4.   APPEAL:
sufficiency of
notice.

4114 of the Code provides that "An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part." It is true that there were practically two judgments below—one for the possession of the corn, and the other a dismissal of the petition of intervention. But the exception of intervener was to both of these, in so far as either affected his rights. His appeal, then, was from the entire proceeding, and this is all the statute seems to require shall be indicated in the notice. From an appeal of the cause, this is necessarily to be inferred. If the notice is as specific as exacted by statute, it is not open to the objection that it is a mere conclusion.—Reversed.