JOHN ANDERSON, Appellant v. JOHN W. TAYLOR, Defendant, SARAH A. TAYLOR, Intervener, Appellees.

**Attachment.**   The attaching creditor of an agent cannot acquire a lien upon funds of the principal deposited in a bank in the name of the agent simply as a matter of convenience.

*Appeal from District Harrison.*— HON.  O.  D.  WHEELER, Judge.

TUESDAY, SEPTEMBER 25, 1906.

THE opinion states the case.   From a judgment in favor of intervener, the plaintiff appeals.— *Affirmed.*

*J. S. Dewell,* for appellant.

*C. W. Kellogg, for appellees.*

BISHOP, J.— The action is at law and was commenced. by plaintiff to recover of defendant, John W. Taylor, a sum due on a rent account.   A writ of attachment was issued under which the First National Bank of Missouri Valley was garnished, and the bank answered that it was indebted to said Taylor on a deposit account in the sum of $163.70. Said Taylor made no defense to the action, and there was

judgment against him for the amount sued for.   Sarah A. Taylor, wife of John W., intervened, claiming that the money on deposit in the bank was her property, and not subject to appropriation to satisfy debts owing by her husband.   These facts appear without substantial dispute.   Intervener received as the proceeds of a policy of life insurance, issued on the life of her son and made payable to her the sum of $1,800.   This sum she deposited in the bank in question, taking a certificate of deposit in her own name for a part, and directing that the sum of $650 be placed in a checking account in the name of her husband.   Both defendant and intervener testify that this latter was done without any intention of conferring ownership of the money on defendant, but on the contrary, with the understanding, and for the purpose of enabling him as her agent to act direct in making payment of certain specific debts owing by her, and which amounted to the sum so deposited; that this was so done because they lived in the country and did not want to take the money home, and she was a cripple and could not attend to the business herself.   The bank clerk who received the deposit testifies that Mrs. Taylor stated in making the deposit in her husband's name that the amount was intended for the payment of debts.   It is not questioned but that the amount checked out by defendant had been applied on indebtedness owing by the intervener.   Such being the situation there was no error in the judgment.   As between defendant and intervener, the deposit of the money in his name conferred upon defendant no property rights.   As agent of intervener, he became possessed of the fund with specific directions as to its disposal, and he had no other right or interest.   The recording act is not involved, and plaintiff as an attaching creditor could not acquire through his attachment any greater right than was possessed by defendant.   *Thomas v. Hillhouse,* 17 Iowa, 67; *Bacon v. Thompson,* 60 Iowa, 284; *Shaver v. Halstead,* 78 Iowa, 730.

The case might be different if fraud or collusion was made to appear, but such is not within the facts of this case.

The judgment is *affirmed*.