G. H. DAVENPORT, Appellant, v. FAY PIERCE et al., Appellees.

**AUTOMOBILES:** Registration—Effect. A certificate of registration of a motor vehicle, issued by the county treasurer under Ch. 275, Sec. 5, Acts 38th G. A., does not have the effect of carrying to the world notice of a reserved right in the registrant in case the vehicle is sold without the issuance of a new certificate.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 15, 1922.

ACTION at law, to recover possession of an automobile truck. Trial to the court without a jury.  Judgment for defendants, and plaintiff appeals.—*Affirmed.*

*Paul M. Payne,* for appellant.

*J. A. Merritt,* for appellees.

WEAVER, J.—The petition alleges that plaintiff, being the owner of the auto car in question, sold the same to one Beeson by written contract for the sum of $150, to be paid in twelve installments, payable at stated dates in the future, said writing containing a provision by which the title to the car was retained by plaintiff until final payment of the agreed price, and authorizing the plaintiff, upon default made in such payments, to retake possession of said car and sell the same and apply the proceeds to the payment of the debt. Plaintiff further alleges that Beeson, without having made said agreed payments, delivered or transferred the car to the defendant Pierce, who refused to surrender the same to plaintiff, but had left the same for repairs in the possession of the defendant Spainhower, who claims to have a lien thereon.  A writ of replevin was asked and obtained, to recover the possession for the plaintiff.  The defendants answer jointly, and deny the plaintiff's alleged right to the possession of the car; allege the purchase of the car by Pierce; but deny all knowledge or notice, actual or constructive, of any right or claim of the plaintiff's thereto.  On the issues so joined, the plaintiff supports his right to recover possession of the car by an agreed statement of facts, which may be abbreviated as follows:

(1)   On June 17, 1920, plaintiff sold the car to Beeson by written contract, substantially as stated in the petition. Beeson made a down payment of $25, and the first installment of $12.50, falling due on July 2, 1920, but defaulted in payment of the succeeding semimonthly installments.  He continued, however, to use and drive the car as his own until the November following, when he sold it to the defendant Pierce.

(2) With the delivery of the car by plaintiff to Beeson were delivered also the license number plates and the certificate of registration.

(3) At the time he bought the car from Beeson, Pierce had no knowledge or notice of the existence of the contract by which plaintiff retained title to the vehicle, or that plaintiff had any right or interest therein, which contract had never been acknowledged or made of record in the office of the county recorder. This concession is made by plaintiff, subject to his contention as a matter of law that the registration of the car in plaintiff's name, prior to the sale to Beeson, and Beeson's failure to obtain a formal transfer of such certificate, operate as constructive notice to the defendants of plaintiff's alleged right to reclaim possession.

(4) It is conceded that defendant Pierce, after his purchase from Beeson, delivered the car to Spainhower for repairs, and that Spainhower performed work thereon to the value of about $35, and that the car was taken from his possession by the sheriff under the writ of replevin, and delivered to the plaintiff, who still holds it.

The trial court, upon consideration of the showing made, found and adjudged that Pierce was the owner of the car, having purchased it from Beeson without notice, actual or constructive, of the contract of conditional sale by plaintiff to Beeson, and that Spainhower was entitled to the present possession of the vehicle, for the enforcement of his lien for repairs. This conclusion is manifestly correct, unless we are to hold that the provisions of the statute regulating and governing the ownership, registration, and transfer of motor vehicles operate as constructive notice to the world of all the defects (if any) which may exist in the title or interest of any and all of the prior owners of such vehicle; and this we think cannot be. Constructive notice of conditional sales and reservations of title is the creature of statute (Code Section 2905), and it must be imparted by written instrument, duly acknowledged, admissible to record, and actually recorded. The contract in this case, under which the plaintiff claims, was never recorded, was not acknowledged, nor eligible to record, and it is conceded that defendants had no actual notice of its existence. The statutes of the

state prescribing regulations for the licensing, registering, and regulating, and the buying, selling, registration, and operation of motor vehicles have no direct relation to the rights and equities which may exist as between successive owners or purchasers of such property. Their primary purpose is dual: to promote the safe and convenient use of the public highway by this class of vehicles, and as well, to insure regular and prompt payment of license fees and taxes imposed thereon. One who is about to purchase an item of personal property, and who desires to be sure that there are no outstanding equities in third persons which may cloud the title he is taking, naturally and properly has resort to the office of the county recorder. That is where the statute points him, and upon its disclosures he may safely rely.

The trial court did not err in so interpreting the law. Counsel have discussed the validity of the lien asserted by the defendant Spainhower; but in view of our finding that plaintiff has no title which he can assert against Pierce, the last purchaser of the car, it is unnecessary for us to pass upon that question; for if appellant has no right to recover as against Pierce, he is not in position to dispute the interest of Spainhower.

The judgment of the district court is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.