J. L. BEINTEMA, Appellee, v. DICK VAN ZANTE et al., Appellants.

**SALES:** Change of Possession—Jury Question.  The vendee of an
automobile (no bill of sale being executed and recorded) may not
hold the same against the existing creditors of the vendor without
notice, when the vendee, after his purchase, allows the vendor to
continue in possession.  Evidence held to present a jury question
on the issue of sufficient change of possession.

*Appeal from Marion District Court.*—H. S. DUGAN, Judge.

FEBRUARY 5, 1924.

ACTION to recover damages for the alleged wrongful seizure
and sale of a Ford touring car under a writ of execution by
the sheriff, who was acting under the direction of the defendant
herein.  The opinion states the essential facts.  Upon the con-
clusion of the testimony, plaintiff's motion for a directed verdict
was sustained, and judgment was entered accordingly.  Defend-
ant appeals.—*Reversed.*

*De Reus & Van Zante,* for appellants.

*W. H. Lyon,* for appellee.

DE GRAFF, J.—The plaintiff alleges in his petition that he
is the owner of a certain automobile by purchase from one J.
F. Hesselink for the sum of $150, on or about the 1st day of
February, 1922.  On May 3, 1922, a judgment was entered in
favor of the defendant herein against Hesselink; and on May
29, 1922, by virtue of an execution issued under said judgment,
the sheriff of Marion County, acting under the direction of the
defendant, levied upon the Ford car, and later sold same.  On
the date of the levy, plaintiff filed a sworn statement and claim
of ownership of the car, and demanded its release.  For the
alleged wrongful act of defendant in making said levy and sale,
plaintiff prayed judgment against the defendant in the sum of
$300.

Defendant in answer denied that plaintiff was ever the owner of the Ford car, and that, prior to the said levy, the defendant had no knowledge or notice, actual or constructive, of plaintiff's alleged ownership of said car, and further pleads that no bill of sale or any instrument conveying title to said car to plaintiff was ever filed or recorded in the office of the recorder of Marion County, and that said car was at all times up to the date of the levy in the actual possession of Hesselink, and that the alleged sale, if there was a sale, was invalid against defendant, as an existing creditor. Defendant further denies that there was any sale of said car by Hesselink to the plaintiff, and if any sale of said car was attempted, it was fraudulent and for the purpose of hindering and delaying the creditors of Hesselink, and is void as against the defendant.

The plaintiff testified that he purchased the car from his son-in-law Hesselink, and paid for it by returning a note for $150 held by the plaintiff against the vendor, Hesselink.

The evidence also shows that plaintiff complied with the law relative to the transfer and registration of said car in the treasurer's office of Marion County. No bill of sale was given, and it is not shown that the defendant, as an existing creditor, had any knowledge or notice of the transfer of ownership of the Ford car until after the sheriff had made the levy. The validity of the sale so as to affect the defendant as an existing creditor depends upon whether the possession of the car changed when the alleged sale was made. No sale of personal property where the vendor retains actual possession is valid against existing creditors without notice, unless a written instrument is executed, acknowledged, and recorded with the recorder of the county. Section 2906, Code of 1897. Change of possession must be such as to indicate a change of ownership; and if the property is left with the vendor, whose relations to it continue unchanged, so far as the world may know from the acts of the parties, the possession will be regarded as continuing in him. *Boothby v. Brown,* 40 Iowa 104; *Brown-Camp Hdw. Co. v. Hawthorne,* 154 Iowa 456. The change of registration in the office of the county treasurer, as provided by our statutes prescribing regulations for the licensing and registry of motor vehicles, has no relation to outstanding equities in third persons.

*Davenport v. Pierce,* 194 Iowa 1152. Therefore, the records in the county treasurer's office are not notice to existing creditors of the sale, when actual possession of said vehicle is retained by the vendor, and a creditor has no notice of such sale. The only constructive notice is found upon the records of the recorder's office of the county wherein the parties reside and wherein the property is located. The evidence in the instant case is in conflict on the question of possession. The automobile, both prior and at the time of the sale, was on the premises of the plaintiff. Hesselink, the vendor, lived with his father-in-law, the vendee-plaintiff. Hesselink continued to use the car after the sale, claiming to pay rental therefor. The automobile was kept in Hesselink's garage, because, as he said, "Father [plaintiff] did not have any garage." A short time after the sale, Hesselink moved from his father-in-law's home, but the car remained in Hesselink's garage. Hesselink testified that he used the car "once in a while."

"Q. Did you have it in your possession all the while? A. I had. I had it in my garage. He [plaintiff] told me to keep it there, and I put it there. I did not take care of the car. It was in his hands. I drove it probably not once a week."

On the day of the levy, the car was in Hesselink's possession and use; but it is claimed that it was loaned to him by the plaintiff on that day.

Upon a careful review of the evidence, we conclude that a jury question is presented whether there was a change of possession at the time of the sale of the car which would make the sale valid as against an existing creditor without actual notice. In the absence of a written instrument of sale, duly recorded, the defendant has invoked Section 2906 of the Code as his protection in the instant case. The statute is plain and positive in its terms. Possession is a fact question, and it was for the jury to determine that fact under the evidence submitted. Wherefore the judgment entered is—*Reversed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.