## DIAMOND V. PALMER.

1. **Pensions:** EXEMPTION OF PROPERTY PROCURED WITH. One who pays pension money for the services of a stallion upon mares owned by him, and which were also bought by him with pension money, may hold the colts resulting from such service exempt from liability for his debts, to the extent, at least, of the money paid for such services. To that extent he has invested pension money in the colts, within the meaning of chapter 23, Laws of 1884. [ROTHROCK, J., *dissenting.*]

2. **Appeal:** SUPERFLUOUS ABSTRACT : COSTS. Although the judgment is reversed, the costs of twenty-three pages of appellant's abstract is taxed to him, because it is by so many more pages more lengthy than necessary to present the questions raised by the appeal.

*Appeal from Montgomery District Court.*—HON. GEORGE CARSON, Judge.

FILED, FEBRUARY 11, 1890.

ACTION to recover the possession of one cow and three colts. After the evidence of both parties had been introduced, the court sustained a motion of defendant to instruct the jury to return a verdict in favor of plaintiff for the cow, and in favor of defendant for the colts. A verdict was returned accordingly, which fixed the value of the colts at one ;hundred and thirty dollars. Defendant elected to take judgment for the value of the colts as found by the jury, and a judgment for that amount was rendered in his favor. The plaintiff appeals.

*F. P. Greenlee* and *C. E. Richards*, for appellant.

*Z. T. Fisher* and *S. McPherson*, for appellee.

ROBINSON, J.—The appellee, as sheriff, levied upon the property in controversy, an execution issued in favor of D. W. Jones, and against plaintiff, for the sum of $322.93, besides interest and costs. Appellant claims that the three colts were exempt from execution by virtue of chapter 23 of the Acts of the Twentieth General Assembly. They were foals of two mares which were purchased with money received as a pension from the general government, and the services of their sire were paid for with such money. Appellant has been a resident of the state sixteen years.

I. The portions of the statute referred to which are material to the questions involved in this appeal are as follows: "Section 1. All money received by any person, resident of the state, as a pension from the United States government, whether the same shall be in the actual possession of such pensioner, or deposited, loaned or invested by him, shall be exempt from execution or attachment or seizure by or under any legal process whatever, whether such pensioner shall be the head of a family or not. Section 2. The homestead of every such pensioner, whether the head of a family or not, purchased and paid for with any such pension

1. PENSIONS: exemption of property procured with.

money, or the proceeds or accumulations of such pension money, shall also be exempt as is now provided by the law of this state in relation to homesteads. * * * " It is contended by appellant that not only all animals in which pension money is invested, but also all increase thereof, are exempt under the provisions of section 1. We think the claim is too broad. That section exempts only the money actually invested. Section 2 provides for the exemption of the proceeds and accumulations of pension money when invested in a homestead. The title of the statute, which is "An act to exempt from judicial sale the pension money paid to any person by the United States government, and certain proceeds and accumulations thereof," is some indication of the legislative intent not to extend the exemption to all the proceeds and accumulations of the investments. *Smythe v. Fiske*, 23 Wall. 374. But it appears that the plaintiff had invested pension money directly in the colts in question, in paying for the services of the stallion. He has a property interest in them which was acquired by the payment of pension money. Whether or not there is also a property interest in them, not so acquired, which may be subjected to the payment of the debts of plaintiff, is a question not presented by the record, and not determined. The ruling of the district court in directing a verdict for the defendant for the colts was necessarily based, in part at least, on the assumption that plaintiff had no interest in them which was exempt from execution, and for that reason, if for no other, was erroneous

II. Appellee complains of the abstract of appellant and has attacked it by motion. The abstract contains

**2. APPEAL: superfluous abstract: costs.** thirty-three pages, and is in large part merely a printed transcript of the record. Ten pages would have furnished ample space for the printing of all matter needed to present the material questions in this court, hence the cost of twenty-three pages of the abstract will be taxed to appellant.                                    REVERSED.

Diamond v. Palmer.

ROTHROCK, C. J. (*dissenting*).—I do not concur in the conclusion reached in the foregoing opinion. If the colts in question are exempt, it must be because the defendant actually invested his pension money in them. The opinion in effect holds that to be the correct construction of the statute. The claim of the plaintiff, that the increase of all animals in which pension money is invested is exempt, is not approved by the majority; but it is held that, because the services of the stallions were paid for with the pension money, the plaintiff has an interest in the colts which is exempt to the extent of the money paid. The evidence does not show how much the plaintiff paid for the services of the stallions. But suppose that fact were shown. According to the majority opinion, the plaintiff would have an exempt interest to that extent, and the value of the colts in excess of that sum would be liable to execution. I do not believe any such result was intended by this statute; and, in my opinion, it is not a proper construction of the same to hold that there was any investment of pension money in the colts. There was an investment in the mares, but none beyond that. If it be so held, it appears to me all increase of the original purchase should be held to be exempt. Our exemption laws do not contemplate an exemption of an interest in chattel property. I do not see how, or under what authority, a partition of interests can be made between a judgment debtor and an execution creditor. It appears to me that the true construction of the statute is that such property in existence as is purchased with pension money shall be exempt. If the rule of the majority is correct, an entire crop would be exempt because the seed was purchased with pension money. In the case at bar, the value of the colts is largely the result of sustenance from the dams, of care, attention, feed and pasture, and the services of the stallions are but an inconsiderable part of their value. In my opinion the judgment ought to be affirmed.