BETSEY ERICKSON *vs.* JOHN PATERSON, Sheriff.

December 19, 1891.

**Judgment as Establishing Debt.**—A judgment for the recovery of money establishes the relation of debtor and creditor, and the existence of a debt to the amount thereof as of the date of the entry of the judgment.

**Growing Crops, Whether Realty or Personalty.**—Growing crops are subject to levy and sale as personal property, but pass with the land upon the conveyance thereof, without express mention, unless reserved.

**Fraudulent Conveyance of Homestead by Judgment Debtor—Levy by Creditor on the Growing Crop.**—Where, after judgment recovered, the judgment debtor conveyed away exempt real property, with growing crops thereon, which were subject to levy, with the intent of defrauding his creditors, *held*, that the crops might be reached and subjected to process in the hands of the fraudulent grantee. The severable character of the property is not changed by the conveyance, and, if such conveyance is fraudulent as against creditors, it may be subjected to the process of the court in behalf of creditors, though the land itself may remain exempt.

Appeal by plaintiff from an order of the district court for Polk county, *Mills,* J., presiding, refusing a new trial after verdict for defendant for a return of the grain in controversy, and assessing its value at $250.

*H. Steenerson* and *B. S. Bennett,* for appellant.

*A. A. Miller,* for respondent.

VANDERBURGH, J. On the 2d day of April, 1890, one Dunlava recovered a judgment against Iver Erickson, the husband of plaintiff, for $117.75, which was duly rendered and docketed in the county of Polk on that day. The judgment debtor was then occupying and in possession of the N. W. ¼ of section 15, town 147, range 40, which he had duly entered and claimed as a homestead, and made due and

final proof of his right thereto on the 24th day of June, 1890, and then became entitled to receive a patent therefor. On the same day he transferred and conveyed the land to his wife, this plaintiff, without consideration. He was then indebted to divers creditors, and the evidence in the case, which it is unnecessary for us to review, is sufficient to support the finding of the jury that the conveyance was made with the intent to hinder or defraud his creditors, and that plaintiff was cognizant of such intent. At the time of the conveyance there was growing upon the land the grain in controversy here, which was then owned by Erickson, and which he had previously mortgaged. On the 5th day of September following, the defendant, as sheriff, levied upon and took possession of the crops in question as the property of the judgment debtor, Iver Erickson, upon an execution duly issued upon the judgment referred to. This action is brought by the plaintiff, Mrs. Erickson, claiming to own the grain by virtue of the conveyance to her of the land upon which it was grown.

Growing crops are subject to levy and sale as personal property, but, by reason of their connection with the soil, they pass by deed with and as appurtenant to the land, without express mention, unless severed or reserved. This was the common-law rule, and our statute recognizes and affirms the right to make such levy, and regulates the procedure. Since the patent had not issued when the conveyance to plaintiff was made, the land was not subject to the lien of the judgment, and was held as exempt property under the homestead act. It is not claimed that the judgment debtor or his wife, the plaintiff, was entitled to claim the growing crop in question as exempt property, under the statute; but the plaintiff claims that it passed to her with and as appurtenant to the land, and cannot now be severed. But if it was liable to levy as against the judgment debtor before he conveyed the land to plaintiff, she ought not to defeat the same remedy by means of his fraudulent transfer; and we think in such cases the law will sever the growing crops, and subject them to the payment of debts sought to be avoided, though the land conveyed may be exempt. This does not conflict with the rule that a deed void in part for fraud is ordinarily held to be void *in toto*, because, in the case of a deed conveying both exempt and

non-exempt property, the former cannot, by reason of the intervention of the statute, be made a fund for the payment of debts.   Nor is it material that the crop passed as incident to the deed instead of being granted and transferred by express words.   The severable character of the property is not changed by the conveyance, and, if procured by fraud as against the creditors, it may be reached by them, and the law will still subject to its process so much of the property transferred as can be made liable to it.   The case may be treated as if the conveyance was adopted as a method of transferring the crops for the purposes of defeating the creditors of the grantor.

The judgment was recovered before the transfer complained of. It established the debt as of its date, at least, and therefore showed that Dunlava was a creditor at the time.   No further evidence was necessary for that purpose in this case.   The other assignments of error do not require notice.

Order affirmed.