Morgan & Hunter, Appellants, v. Mary J. Rountree *et al.*, Appellees.

88 249
d90 376
88 249
96 333

Homesteads: LEASE OF: EXEMPTION OF RENT. So long as a homestead retains its character as such, the owner may lease the same, and the rent accruing under such lease will be exempt from execution.

*Appeal from Jasper District Court.*—Hon. A. R. Dewey, Judge.

Thursday, May 18, 1893.

Appeal by the plaintiffs upon a certificate of the trial judge as follows: "Where the judgment debtor, who is a resident of this state and the head of a family, is temporarily absent from her homestead for the period of one year for the purpose of educating her daughter, and voluntarily executes a lease of the homestead to a tenant during and for the period of said absence, are moneys which are due and owing to the judgment debtor from the tenant for the rent of said home-

stead accrued under said lease exempt from execution issued upon a judgment in favor of the plaintiff and against the judgment debtor?"—*Affirmed.*

*W. O. McElroy,* for appellants.

No appearance for appellee.

GIVEN, J.—I. It is the question certified, and that alone, which we are to decide. Though plain and pointed, the result is important, because of its effects, and demands careful consideration. We regret not to have the benefit of full arguments, but, as the appellee has submitted without argument, we must forego the aid that would have come from a full discussion of the question. It will be observed that there is no question of homestead, nor of abandonment, nor of the right to follow the proceeds of the lease into other property, involved. The leased premises were and continued to be a homestead, and the question is simply whether the money due from the garnishee to the defendant is exempt to her. The only ground upon which such an exemption can be claimed is that it is the proceeds of the use of the homestead.

Exemptions of property from the payment of debts is purely statutory, and courts may not enlarge the exemption; but, as said in *Kaiser v. Seaton,* 62 Iowa, 466, "exemption laws are to be maintained in their spirit as well as letter, and even liberally construed in favor of those claiming their benefit." See, also, *Bevan v. Hayden,* 13 Iowa, 125; *Huskins v. Hanlon,* 72 Iowa, 37. Looking to the spirit of the law, this court held in *Kaiser v. Seaton, supra,* that money due as damages for right of way over a homestead, was exempt, notwithstanding the character of the homestead was not destroyed as such by the easement. In *Mudge v. Lanning,* 68 Iowa, 641, it is held that a judgment for damages against a railway company for setting out fire, by which fences, vines

and trees on a homestead were destroyed, was exempt. The appellants cite and rely upon *Huskins v. Hanlon, supra,* wherein it is said: "But homestead rights do not presumptively attach to money or choses in action. They are *prima facie* liable for debts, and are only exempt when sold with the intention to use such proceeds in the purchase of another homestead." The question in that case was whether the execution debtor intended to invest the proceeds derived from the sale of his homestead in another homestead, and hence the language of the opinion is limited to that kind of proceeds. Had proceeds derived as damages for right of way or setting out fire been involved, they would have been included. That case does, not hold that homestead rights may not attach to other money than that derived from the sale of a homestead for the purpose of purchasing another. In that case Hanlon failed to prove an intention to purchase another homestead with the proceeds derived from the sale; it was therefore held that the proceeds were not exempt. *Harkness v. Burton,* 39 Iowa, 101, also cited, is not in point. That case holds that a license to remove minerals from the homestead, when its enjoyment does not impair the use of the homestead, may be given by the husband without the assent of his wife.

The appellants have not cited, nor have we found, any case involving the precise question certified. In *Cox v. Cook,* 46 Ga. 301, it is held that the crop raised on the homestead was exempt. In *Wade v. Weslow,* 62 Ga. 563, it is not only held that crops grown upon the homestead are exempt, but that sheep purchased with the proceeds of the crop, and put on the homestead, are also exempt. The correctness of this ruling is questioned in *Coates v. Caldwell,* 71 Tex. 19, 8 S. W. Rep. 922. As that question is not involved in this case, we do not consider it. In the latter case it is held that "cotton grown upon the homestead and unpicked

is exempt from execution. After it has been picked the exemption ceases, and it is subject to execution." In *Alexander v. Holt*, 59 Tex. 205, it is said: "We are of opinion, also, that the crops of corn and cotton growing on the homestead were also exempt, as necessary to its beneficial enjoyment." Chief Justice HEMPHILL, in *Cobbs v. Coleman*, 14 Tex. 598, said that it was "very clear that by these reservations the legislature intended a real, substantial benefit; that by fair construction the grants in the statute must include not only the subject itself, but everything absolutely essential to its beneficial enjoyment. The same doctrine is also deducible from *Anderson v. McKay*, 30 Tex. 186." *Horgan v. Amick*, 62 Cal. 401, holds that grain harvested from lands constituting a homestead are not exempt. The reasoning in this case and in *Coates v. Caldwell, supra,* seems to be that to exempt the gathered crop would be to add to it the exemptions of personal property provided in the statute without its being specified therein. It is clear that such crops are not exempt under statutes exempting personal property, unless specified therein. Such crops, if exempt, must, in the absence of such specifications, be so under the law exempting the homestead. The reasoning in these cases seems to us to lose sight of the spirit and purpose of the law exempting homesteads. The conflict in the cases is explained, in part at least, by the differences in the statutes of these states. It will be observed, however, that in none of them is it held that crops, while growing upon the homestead, are not exempt.

II. To answer the question certified, we must ascertain the letter and spirit of our statute exempting homesteads. It is certainly the spirit and purpose to exempt, not only the homestead, but also the use thereof, for without the use the exemption would be valueless. It is not simply as a place of shelter, a place in which to live, that homesteads are exempt, but

also as a means of making a living, as is shown by the exemption of one-half an acre in town, forty acres in the country, and the shop or building, when situated on the exempt premises, in which the head of the family carries on his business. The use of the homestead, as well as the homestead itself, is unquestionably exempt so long as the homestead character is maintained. When the homestead is terminated by abandonment or otherwise the exemption ceases, but in this case it was not terminated.

We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt, not only the homestead and its use, but also crops or money which he may derive from its use while the property continues to be his homestead. If the homestead is terminated by abandonment or otherwise, the exemption ceases. To hold that the owner of a homestead can only hold as exempt such proceeds of its use as the industry of himself or family has produced would be in many cases to deny the benefits of such exemption entirely. Take the case of an owner who can not, from any cause, cultivate the homestead garden or forty acres, there is no good reason why he may not rent them to another, and hold the proceeds exempt for the use of his family. This case furnishes another apt illustration; also the case of one having spare room in the homestead, who takes lodgers, or one who, having no use for a stable on the homestead premises, rents it to another. We are clearly of the opinion that proceeds derived from the use of the homestead while it remains such are exempt to the head of a family. Whether property purchased with such proceeds, not otherwise exempt, would be subject to execution, we do not determine.

The question certified must be answered in the affirmative, and the judgment of the district court is AFFIRMED.