GEORGE W. HAEFER, Appellant, v. R. MULLISON *et al.*.

**Exemptions: Crops on Land Bought with Pension Money.**
Crops growing on land bought with pension money are not exempt, at
least where it is not shown that the land is a homestead. *Morgan v.
Rountree*, 55 N. W. Rep. 65, *distinguished.* (2)

**Judgment on Demurrer: Exception to.** Where a ruling sus-
taining a demurrer is excepted to, no exception to the judgment ren-
dered on the ruling is essential on appeal. (1)

*Appeal from Fremont District Court.*—HON. WALTER I.
SMITH and HON. A. B. THORNELL, Judges.

TUESDAY, FEBRUARY 6, 1894.

ACTION on the official bond of a constable, to re-
cover the value of certain corn alleged to have been
illegally taken and sold to satisfy an execution. A
demurrer to the petition was sustained, and, the plain-
tiff refusing to plead further, judgment was rendered
in favor of the defendants for costs. The plaintiff
appeals.— *Affirmed.*

*Anderson & Anderson* for appellant.

*W. E. Mitchell* for appellees.

ROBINSON, J.—The petition alleges that the corn
in controversy was raised on land in this state which is
owned by the plaintiff, and which had been purchased
with money he had received as a pension from the
general government, and that the corn was exempt
from seizure under the execution. The ground of the
demurrer was that the petition did not state a cause of
action, for the reason that it shows that the corn was
not exempt from execution. The demurrer was sus-
tained by the court (Judge SMITH presiding) on the
fifteenth day of April, 1892, and to that ruling the
plaintiff excepted. On the third day of the next
month the court (Judge THORNELL presiding) rendered
judgment as follows: "This case coming on for hear-
ing, and the plaintiff electing to stand on his petition
without amendment thereto after demurrer sustained,
the plaintiff's petition is dismissed, and judgment for
costs for defendants." To that judgment no exception
was taken.

I.   The appellees claim that the appeal can not be
considered on the merits, because no exception was

taken to the judgment. The plaintiff does not respond
to that claim, but we do not think that it can be sus-
tained. It was held in *Barnhart v. Farr*, 55 Iowa, 366,
7 N. W. Rep. 644, that an exception to the judgment
was not necessary, where one had been taken to the
conclusion of law upon which it was founded. In
*Aldrich v. Price*, 57 Iowa, 155, 9 N. W. Rep. 376, and
10 N. W. Rep. 339, it was held that, where the over-
ruling of a motion which asked for judgment was
excepted to, it was unnecessary to except to the judg-
ment afterward rendered, to have it reviewed on
appeal. See, also, *Gulliher v. Railway Co.*, 59 Iowa,
419, 13 N. W. Rep. 429. In this case the judgment
was founded upon the ruling on the demurrer, and, an
exception having been duly taken to that, no exception
to the judgment was required, to entitle the plaintiff to
a review of the ruling by this court. This conclusion
is not in conflict with the cases of *Redding v. Page*, 52
Iowa, 406, 3 N. W. Rep. 427, and *Chapman v. Lobey*,
21 Iowa, 300, cited by appellees.

II. The petition shows that the indebtedness on
account of which the execution in question issued was
incurred in May, 1889, and afterward. The corn
which was taken under the execution had been raised
on the land, and was standing in the field, but it is not
claimed that it was not matured and ready to be har-
vested; and, for the purposes of this appeal, it must be
assumed that it had ceased to be a part of the land
upon which it was grown. The appellant relies upon
chapter 23 of the Acts of the Twentieth General Assem-
bly to sustain his claim to the corn. The first two sec-
tions of that act are as follows:

"Sec. 1. All money received by any person resi-
dent of the state, as a pension from the United States
government, whether the same shall be in the actual
possession of such pensioner, or deposited, loaned or
invested by him shall be exempt from execution or

attachment, or seizure by or under any legal process whatever, whether such pensioner shall be the head of a family or not.

"Sec. 2.   The homestead of every such pensioner, whether the head of a family or not, purchased and paid for with any such pension money, or the proceeds or accumulations of such pension money, shall also be exempt as is now provided by the law of this state in relation to homesteads; and such exemption shall also apply to debts of such pensioner, contracted prior to the purchase of such homestead."

In *Diamond v. Palmer,* 79 Iowa, 578, 44 N. W. Rep. 819, it was held that section 1 exempts only the pension money actually invested, and that the claim that it exempts, not only animals in which it is invested, but also the increase of such animals, was too broad.   The section, in terms, exempts the money received as a pension, whether it is in the actual possession of the pensioner, or is deposited, loaned or invested by him.   It is the money, or that in which it is invested, which is exempt by section 1, and not the proceeds and accumulations of it.   Section 2 exempts the proceeds and accumulations, when invested in a homestead.   When the land was purchased, and the money was paid for it, the investment was completed.   The crops thereafter grown on the land were the products or proceeds of the land and of the seed planted, of the labor performed in raising them, and of the forces of nature which aided in their growth, and were not exempt, as property in which the pension money had been invested.   It is proper to state, in this connection, that it is not shown that the land upon which the corn was grown was the homestead of appellant.   The petition states that he was the owner of and lived upon certain land in Fremont county, which he purchased with pension money received from the government of the United States, and that the corn had been raised

upon the land. But it is not stated in the petition nor claimed in the argument, that the land was the homestead of plaintiff, nor that he resided thereon when the corn was grown. We can not presume that it was his homestead at that time, and the rule announced in *Morgan v. Rountree*, 88 Iowa, 249, 55 N. W. Rep. 65, is not shown to be applicable to this case. The judgment of the district court is AFFIRMED.