In re SULLIVAN.

(District Court, N. D. Iowa, E. D.   January 4, 1906.)

No. 489.

1. BANKRUPTCY—HOMESTEAD EXEMPTION—MATURED CROPS.

Corn standing in the field on the homestead of a bankrupt, which had fully matured at the date of the bankruptcy, is not exempt as a part of the realty under the law of Iowa, but is personal property.

2. SAME—CROPS GROWN ON HOMESTEAD—IOWA STATUTE.

Under the law of Iowa, which exempts to a farmer a homestead of 40 acres (Code 1897, § 2978), and also farm machinery, certain stock, and feed for the same for six months (section 4008), matured crops are not exempt to a bankrupt because grown upon the homestead; but his exemption therein is limited to that given by the provisions relating to personal property.

In Bankruptcy.   On petition of the bankrupt for review of the order of the referee denying to him a quantity of corn as a part of his exemptions.

Cook & Cook, for bankrupt.

E. E. Hasner, for trustee.

REED, District Judge.   From the facts as stipulated by the parties, it appears that the bankrupt is the head of a family and owns 40 acres of land, which, with the other exemptions allowed to him by the law of Iowa, including a team of two horses and other live stock, the necessary feed therefor for six months, and provisions for his family for the same length of time, has been set apart to him as exempt.   At the time of the adjudication of bankruptcy there was standing upon said land a quantity of corn in the field, grown thereon during the season of 1905, which was fully matured and ready to be gathered, but which had not then been husked or otherwise severed from the land; and the bankrupt claims the whole thereof as exempt, upon the grounds that it was either (1) a part of the realty which constituted his homestead, or (2) because it was grown upon said homestead.   The corn has since been husked and it amounts to 1,350 bushels, of the value of 26 cents per bushel.   The referee set apart to the bankrupt 850 bushels of this corn as a part of the necessary feed for the exempt animals for the six months, and ordered the remaining 500 bushels to be turned over to the trustee, as a part of the bankrupt estate, and the petition for review challenges the correctness of this order so far as it relates to the 500 bushels of corn.

Whatever the rule may be elsewhere, it is settled in Iowa, that crops grown upon land which have fully matured, and are ready to be gathered, are not a part of the realty, but are personal property which may be sold by the owner, or levied upon and sold under judicial process against him, apart from the realty. Nuckolls v. Pence, 52 Iowa, 581, 3 N. W. 631; Hecht v. Dettman, 56 Iowa, 679, 7 N. W. 495, 10 N. W. 241, 41 Am. Rep. 131; Barr v. Cannon, 69 Iowa, 20, 28 N. W. 413; Everingham v. Braden, 58 Iowa, 133, 12 N. W. 142; Richards v. Knight, 78 Iowa. 70, 42 N. W. 584, 4 L. R. A. 453.

In Hecht v. Detuman, 56 Iowa, 679, 680, 7 N. W. 495, 41 Am. Rep. 131, above, it is said:

"This conclusion is well supported upon the following reasons: The grain being mature, the course of vegetation has ceased, and the soil is no longer necessary for 'its existence. The connection between the grain and the ground has changed. The grain no longer demands nurture from the soil. The ground now perorms no other office than affording a resting place for the grain. It has the same relation to the grain that the warehouse has to the threshed grain, or the field has to the stacks of grain thereon."

See, also, Whipple v. Foot, 2 Johns. 418, 3 Am. Dec. 442; Penhallow v. Dwight, 7 Mass. 34, 5 Am. Dec. 21; Heard v. Fairbanks, 5 Metc. (Mass.) 111, 38 Am. Dec. 394; Erickson v. Paterson, 47 Minn. 525, 50 N. W. 699.

The bankrupt is not, therefore, entitled to the grain as a part of the realty. Is he entitled to it because grown upon the homestead? Exemption of property from the payment of debts is purely statutory, and, while the statute should be liberally construed in favor of the debtor, the courts may not enlarge it to include property not fairly within its meaning. The Code of Iowa (1897) exempts the following property to the debtor, if a resident of the state and the head of a family:

"Sec. 2972. The homestead of every family whether owned by the husband or wife, is exempt from judicial sale where there is no special declaration of the statute to the contrary."

By section 2978 it is provided that, if not within a city or town, the homestead may consist of not to exceed 40 acres of land, with a dwelling house and such other buildings as are appurtenant thereto. By section 4008, if a debtor is a resident of the state and the head of a family he may hold exempt from execution the following, among other, personal property, viz.: All household goods, and wearing apparel of himself and family, and if a farmer, all farm machinery, two horses, two cows, two calves, five hogs, and all pigs under six months old, poultry to the value of $50, and the necessary feed for all exempt animals for six months, and provisions for the family for the same length of time. No other personal property is exempt, and to hold that crops grown upon the homestead of the debtor, when fully matured and ready for the reaper are exempt, would be a manifest enlargement of the exemptions allowed by law. As well might the grain, above that necessary to feed the exempt animals, and for the provisions of the family for six months, after being gathered and stored in the granary, be held to be exempt.

· Morgan v. Rountree, 88 Iowa, 249, 55 N. W. 65, 45 Am. St. Rep. 234, is relied upon in support of the claim that this corn is exempt because grown upon the homestead. That is a case where the owner of the homestead had moved from it temporarily and leased it while so absent therefrom, and it was held that the rent received therefor during such temporary absence was not liable for the debts of the owner. The decision rests upon the ground that the exemption of the homestead necessarily carries with it the beneficial use of the same for the purpose of a homestead, and this would include the rental thereof while the owner was temporarily absent therefrom. While the court in its opinion says this might also include crops grown thereon, no such question was involved and is not determined in that case.

Section 4009 of the Code provides that:

"All money received by any person a resident of the state, as a pension from the United States government, whether the same shall be in the actual possession of such pensioner, or deposited, loaned or invested by him, shall be exempt from execution, whether such pensioner shall be the head of family or not."

Section 4010 exempts the homestead of such pensioner purchased with such pension money, whether the head of a family or not, and the proceeds or accumulation of such homestead. Under section 4009 it is held that property purchased with pension money is exempt, but that the natural increase of animals, or crops raised upon the land, so purchased, is not exempt. Diamond v. Palmer, 79 Iowa, 578, 44 N. W. 819; Haefer v. Mullison, 90 Iowa, 372, 57 N. W. 893, 48 Am. St. Rep. 451.

In the last-named case it is held that Morgan v. Rountree, 88 Iowa, 249, 55 N. W. 65, 45 Am. St. Rep. 234, is not applicable to crops grown upon land so purchased which is not the homestead of the pensioner, though it is intimated that if such land is occupied as the homestead, the crops might be exempt, as the proceeds or accumulation·of such homestead under section 4010. If the ·ripened grain grown upon land, which is exempt from execution because purchased with pension money, is not exempt, upon what principle can it be held that such grain, when raised upon the homestead not so purchased, shall be exempt when the proceeds and accumulations of neither are named in the exemption act? The Legislature plainly distinguished between the homestead of the pensioner purchased with pension money and the homestead of one not so purchased, and if it was intended to exempt such proceeds in the latter case it could have plainly so declared in a few words, as in the case of the former, and the fact that it did not do so is indicative of its intention that the ripened crops or other proceeds or accumulations of the homestead of one not so purchased is not exempt. The exemption law of Wisconsin is substantially the same as that of Iowa, and in Re Hoag (D. C.) 97 Fed. 543, it is held in a carefully considered opinion that crops grown upon the homestead at the time of the bankruptcy, though not then matured, are not exempt to the bankrupt, but pass to the trustee. See, also, the cases there cited. The conclusion,

therefore, is that this corn is not exempt because grown upon the homestead.

Section 70a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) provides:

"The trustee upon his appointment and qualification shall in turn be vested by operation of law with the title of the bankrupt as of the date he was adjudged bankrupt, except in so far as it is property which is exempt to all * * * (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. * * *"

As the corn in question was fully matured and ready to be gathered at the time of the bankruptcy, and as it might then have been transferred by the bankrupt apart from the land, or levied upon and sold under judicial process against him, it passed to the trustee in bankruptcy.

The order of the referee is therefore approved.