## In re SULLIVAN.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1906.)

### No. 61.

1. COURTS—DECISIONS OF STATE COURTS—EXEMPTIONS—FOLLOWING STATE DECISIONS IN BANKRUPTCY PROCEEDINGS.

In determining a bankrupt's rights of exemption, the construction placed by the highest court of the state on its exemption statutes is controlling on the court of bankruptcy; but such court is not bound to follow an obiter dictum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 957; vol. 6, Bankruptcy, § 664.

State laws as rules of decision in federal courts, see note to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. BANKRUPTCY—HOMESTEAD EXEMPTION—MATURED CROPS GROWN ON HOMESTEAD.

Corn standing in the field on the homestead of a bankrupt, which had fully matured at the date of the bankruptcy, is not exempt under the homestead exemption statute of Iowa.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 664.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Iowa.

For opinion below, see 142 Fed. 620.

Roy A. Cook (J. E. Cook, on the brief), for petitioner.

E. E. Hasner, for respondent.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. The question in this case is whether ripe corn grown on a homestead exempt by law to the head of a family is itself exempt from liability for payment of his debts. The case arose in bankruptcy proceedings in Iowa, where the statute (sections 2972, 2978, Code Iowa 1897) exempts, among other things, from judicial sale a homestead of 40 acres, if located outside of a city or town. The bankrupt was by section 6 of the bankruptcy act of July 1, 1898 (30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3424]), and section 70 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) as amended (Act Feb. 5, 1903, 32 Stat. 800, c. 487, § 16 [U. S. Comp. St. Supp. 1905, p. 690]), entitled to all the exemptions allowed by the law of the state in which he resided. After having the homestead and all other personal property declared to be exempt by section 4008 of the Code of Iowa set off to him by the trustee in bankruptcy as provided by section 47 of the act (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]), the bankrupt claimed the ripe corn which had grown on the homestead. This claim was denied by the District Court, and a petition to revise that action in matter of law is now presented to us. No statute of Iowa in terms conferred the right as claimed, but the contention is that the right is incident to the ownership of the homestead itself, that it has been so decided by the Supreme Court of Iowa, and that such construction of its statutes by the highest judicial tribunal of the state con-

trols us. The last proposition is undoubtedly sound. If the Supreme Court of Iowa, in construing its statute of exemption, has decided that the crops grown on an exempt homestead are, for that reason alone, exempt from liability to creditors of the owner of the homestead, we must follow that interpretation and hold likewise. Hartford Fire Ins. Co. v. Railroad Co., 157 U. S. 91, 100, 108, 20 Sup. Ct. 33, 44 L. Ed. 84; Page v. Edmunds, 187 U. S. 596, 602, 23 Sup. Ct. 200, 47 L. Ed. 318.

To show that it has so decided, reliance is placed by petitioner upon two cases. Morgan & Hunter v. Rountree, 88 Iowa, 249, 55 N. W. 65, 45 Am. St. Rep. 234; Haefer v. Mullison, 90 Iowa, 372, 57 N. W. 893, 48 Am. St. Rep. 451. In the first of these cases the question was whether the owner of a homestead could lease it and hold the rent reserved exempt from execution. The Supreme Court, in harmony with the courts of other states, held that the homestead is not a mere shelter, but an estate, which the owner may enjoy, and, if he cannot conveniently reside on it, may lease and have and enjoy the rent reserved with like immunity from the claims of his creditors as he did the estate itself. Hufschmidt v. Gross, 112 Mo. 649, 20 S. W. 679; Spratt v. Early, 169 Mo. 357, 69 S. W. 13; Adams v. Adams, 183 Mo. 396, 82 S. W. 66. That and nothing more was the question in judgment in the first-mentioned Iowa case. The court in its opinion decided it by saying:

"It is certainly the spirit and purpose to exempt, not only the homestead, but also the use thereof; for without the use the exemption would be valueless."

This conclusion fully disposed of the case, but the writer of the opinion took occasion to further remark as follows:

"We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt, not only the homestead and its use, but also crops or money which he may derive from its use while the property continues to be his homestead."

If the last quotation means, as claimed by petitioner's counsel, that ripened crops raised by the owner of a homestead while residing on it are exempt from execution sale, it was obiter dictum. No such question was before the court, and any voluntary expression of opinion by the writer on that question is not authoritative. Cohens v. Virginia, 6 Wheat. 264, 398, 5 L. Ed. 257; Wabash R. Co. v. De Tar (C. C. A.) 141 Fed. 932, 938.

The case of Haefer v. Mullison is of no greater value. In it the only question in judgment was whether crops grown on land bought with money received by a pensioner from the United States, which by the Code of Iowa (sections 4009, 4010) was exempt from execution, were themselves exempt. The court held that they were not, but in writing the opinion the following language was employed:

"We cannot presume that it (the land) was his homestead at that time [there being no showing of that sort], and the rule announced in Morgan v. Rountree, 88 Iowa, 249, 55 N. W. 65, 45 Am. St. Rep. 234, is not shown to be applicable to this case."

That reference to the Morgan Case did not increase its force or fortify the dictum there referred to. The question did not arise in the Haefer Case, and any expression or assumption concerning it is also obiter dictum.

The reasoning employed in the Haefer Case, instead of favoring the petitioner's contention, is opposed to it. That case, like the one before us, concerned an exempt homestead. Whether exempt for one reason or another, the resulting incidents ought to be the same.

The court, by way of argument, after undertaking to distinguish it from the Morgan & Hunter Case, says:

"Section 4010 exempts the proceeds and accumulations [of money received as pension] when invested in a homestead. When the land was purchased and the money was paid for it, the investment was completed. The crops thereafter grown on the land were the products or proceeds of the land and of the seed planted, of the labor performed in raising them, and of the forces of nature which aided in their growth, and were not exempt as property in which the pension money had been invested."

In Diamond v. Palmer, 79 Iowa, 578, 44 N. W. 819, the Supreme Court of Iowa held that section 4009 might exempt animals in which the pension money was invested, but did not exempt the increase of such animals.

From these cases it seems that the Iowa Supreme Court, instead of giving such construction to its statute as authoritatively exempts the corn in question, has employed reasoning that well sustains the adverse contention, and we are clearly absolved from any obligation to decide this case in favor of the petitioner on any claim that the construction placed on its statute of exemption by its highest judicial tribunal requires it. The reason of the rule requiring national courts to follow decisions of the highest judicial tribunals of a state construing its own statutes rests, among other things, in the fact that such decisions enter into and form a part of the statute itself as intended by the legislative department. That department enacts laws subject to interpretation by the judicial department. When, therefore, the Supreme Court of a state does not so decide a question as to commit itself to it, it cannot be called an interpretation of the statute or any evidence of what it is, and necessarily does not bind the national courts to follow it. We are not bound to follow an obiter dictum. No interpretation having been placed on the homestead statute in its relation to the question before us, we are left to exercise our independent judgment.

The state of Iowa makes liberal exemptions to its citizens. Sections 2209, 2972, 2978, 3313, 4009, 4010, 4011, Code Iowa. From the many diverse and specific exemptions disclosed by those statutes and the liberality indicated by them, it is reasonable to conclude that the Legislature did not intend that any strained interpretation should be placed upon them in determining what is exempt by implication. A homestead of 40 acres is specifically exempt to the head of a family. The land as an alienable and inheritable estate, and its use, whether for shelter or rent reserved, are recognized in Iowa and elsewhere as the limit of what is exempt as the homestead. Difficult questions sometimes arise in determining what is included in "the use." Does it include ripe crops which have grown on the homestead? They

148 F.—52

represent more than the actual use or rent reserved by lease. The later accurately measure the value of the homestead itself to the owner. The former (the crops) measure that use together with the brain, brawn, and money which the owner has put into raising them and the increase of value which favorable markets and other fortuitous advantages give them above the cost of production. This latter may be called their speculative value. All these things, which add much to their value, cannot, in our opinion, be exempt merely because the owner of the homestead on which they are grown is entitled to the use of the homestead. Much of the crops are exempt under some provisions of the statutes referred to, and such exemptions, we think, exhaust the legislative will concerning the subject. If all crops growing on an exempt homestead are ipso facto exempt, any one may secure a homestead near a large city, expend much money for seed, in fertilizing the ground, and in growing and harvesting the crops, and in that way secure large returns of vegetables and other products, sell them in a convenient and favorable market, accumulate a fortune, and successfully defy his creditors. Such possibility demonstrates that the theory of law which makes it possible is probably not sound, and induces us to give a construction to the statute, if the same can reasonably be done, which will not permit it. We think a reasonable construction conduces to the result reached by the learned trial court, namely, that ripe crops, because they were grown on an exempt homestead, are not for that reason alone exempt also. See In re Hoag (D. C.) 97 Fed. 543, and Horgan v. Amick, 62 Cal. 401.

The petition should be denied, and it is so ordered.