## In re FRIEDRICH.

(District Court, D. Minnesota, Third Division. September 13, 1912.)

1. BANKRUPTCY (§ 396*)—CROPS GROWN ON HOMESTEAD.

     Under the statutes of exemption of Minnesota, crops and products grown on land which is a bankrupt's homestead are not exempt.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659-668, 670; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 407*)—PREFERENCES.

     That a bankrupt made voidable preferences by paying debts to his relatives did not of itself constitute a conveyance of property with intent to delay or defraud creditors, and was therefore not a bar to discharge.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729-734, 737, 738, 740-751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles Friedrich. On objections to the bankrupt's petition for discharge. Sustained. Application denied.

C. B. Schmidt, of City of St. Paul, Minn., for bankrupt.

W. L. Converse, of City of South St. Paul, Minn., for creditors.

WILLARD, District Judge. The bankrupt filed his petition for a discharge, and creditors representing more than half of the unsecured debts filed their objections to the petition. The matter was referred to a special master, and a hearing has been had upon his report.

The bankrupt admitted that at the time he filed his petition and swore to his schedules he had in his possession $185 in cash. This sum was not mentioned in the schedules, and no part of it has ever been turned over to the trustee. Without some explanation from the bankrupt himself or from the surrounding circumstances, this fact alone would be sufficient to sustain the objections to a discharge. An explanation now given by counsel for the bankrupt is that this sum of money was produced from the sale of property which was exempt. The only place where this claim appears in the testimony is the an-

swer to the following question: "Q. All of this personal property that you sold you claimed as exempt? A. Yes."

It appears from the evidence that the bankrupt lived on a tract of land about 27 acres in extent, a little south of St. Paul, and that apparently he was engaged in the business of truck farming. He had about 10 or 12 acres in garden, and "raised garden stuff of all kinds, tomatoes, cucumbers, radishes, and all kinds of things, such stuff as is usually raised in a truck garden." He filed his petition on August 4, 1911. About five weeks prior thereto he sold for $1,200 in cash the crops, horses, and set of harness, horse rake, five acres of corn, and all the garden stuff. The personal property that he had at that time consisted of two horses, one cow, three wagons, one sleigh, one plough, one hoe, one mower, four pigs, and his household furniture. At the filing of his schedules he must have had two horses, one cow, and the household furniture, for he claimed those as exempt.

[1] It is thus apparent that by far the larger part of the $1,200 was paid for the crops and products grown on the homestead, and the important question in the case is were such products exempt. The question has not apparently been decided in Minnesota. Erickson v. Paterson, 47 Minn. 525, 50 N. W. 699; Sparrow v. Pond, 49 Minn. 412, 52 N. W. 36, 16 L. R. A. 103, 32 Am. St. Rep. 571. Under these circumstances, the case of In re Sullivan, 148 Fed. 815, 78 C. C. A. 505, decided by the Circuit Court of Appeals of this circuit, is controlling upon this court. The court there held that the Supreme Court of Iowa had not decided whether crops raised on a homestead were exempt. It accordingly decided the question for itself, and held that they were not exempt under the Iowa statutes. . Those statutes are substantially the same as the Minnesota statutes. Among other things the court said at page 818 of 148 Fed., at page 508 of 78 C. C. A.:

"If all crops growing on an exempt homestead are ipso facto exempt, any one may secure a homestead near a large city, expend much money for seed, in fertilizing the ground, and in growing and harvesting the crops, and in that way secure large returns of vegetables and other products, sell them in a convenient and favorable market, accumulate a fortune, and successfully defy his creditors."

I hold that the proceeds derived from the sale of the crops raised upon the homestead were not exempt. The $185 consequently belongs to the creditors, and should have been turned over to them. It is said that the bankrupt is a simple and ignorant person who understands English imperfectly, and that he did not have any fraudulent intent in retaining this money. In the proceedings leading up to his bankruptcy he showed neither great ignorance, nor great simplicity. Having sold all of his nonexempt personal property in the latter part of June for about $1,200, he paid to his father $400, to his mother $50, to his brother $300, and to his uncle $200, claiming that he was indebted to them in these amounts. He filed his petition in bankruptcy on the 4th day of August, 1911. He omitted from his schedules a debt due him from a brother for about $100, for the reason as he now says, that the claim was worthless. So that, when he was ready for bankruptcy, his schedules showed nothing whatever for his cred-

itors. His only assets were his farm, which he valued at $4,000, subject to a mortgage of $1,400, his household furniture, two horses, and one cow. His largest unsecured liability, $360, was for groceries. He owed over $200 for lumber and about $45 for seeds. It is claimed by the objecting creditors that these payments to his relatives, assuming that he owed them, were preferences and constituted grounds for refusing his discharge.

[2] That they were preferences is very clear, but I do not understand that a preference alone, even if it be a voidable one, is a bar to a discharge. It does not constitute a conveyance of property with intent to delay or defraud creditors. In re Maher (D. C.) 144 Fed. 503.

After due consideration of the evidence in the case and of all the circumstances surrounding it, it is now ordered that the bankrupt's petition for a discharge be and the same hereby is denied.